No. 578

First Circuit

THOMPSON v. GOODMAN

(March· 5, 1930.   Opinion and Decree.)
(April 14, 1930.   Rehearing Refused.)

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for plaintiff, appellee.

Chas. A. Holcombe, of Baton Rouge, attorney for defendant, appellant.

MOUTON, J. The proof shows that Goodman, defendant, an architect of the city of Baton Rouge, was employed by the Fourth District Missionary Baptist Association in reference to plans for the erection of a college in that city. Subsequently thereto, plaintiff, George A. Thomp-

son, was employed as a draftsman by Goodman, and which was prior to the preparation of the plans and specifications for the building. Plaintiff was to be paid $100 a month, as salary, a sum equal to two-thirds of one per cent. on the contract price of all work obtained by Goodman, and for which plaintiff drew and prepared the plans as draftsman, which additional sum was payable to plaintiff when Goodman was paid for his work.

Plaintiff alleged that such was the contract, which is admitted by defendant in his answer; but in connection with this admission, defendant avers that the agreement to pay plaintiff two-thirds of one per cent. of the contract price had no connection with and did not apply to the plans prepared for the Fourth District Missionary Baptist Association. In a subsequent paragraph of the answer, defendant alleges that the original agreement provided for the $100 per month salary, and the two-thirds of one per cent. commission on the contract price, but that this agreement was thereafter modified so that it would have no application to the work for the Fourth District Baptist Association as to which it was finally agreed that plaintiff's compensation should be $250, which was paid to plaintiff, and was accepted by him in full settlement for the work done on the plans and drawings for the Baptist Association. It may be proper to state here that the monthly salary of $100 is not involved in this case, the issue being restricted to the claim of plaintiff for his two-thirds of one per cent. on the contract price for work obtained by Goodman.

In reference to this claim of two-thirds of one per cent. commission, defendant was asked by his counsel if it had been excluded from the agreement. Plaintiff's counsel objected to the admission of that evidence, contending that it was at variance with the allegation in defendant's answer wherein counsel claimed defendant had admitted that this two-thirds of one per cent. commission was agreed to in the original contract but had thereafter been changed or modified. We find that in their examination of plaintiff as a witness by counsel for plaintiff, he was asked if the contract with the Missionary Baptist Association had been excluded by special agreement from the general agreement between him and Goodman. Plaintiff answered that it had not. This question and answer of plaintiff thereto had the effect of opening the door for the admission of that character of testimony by defendant, even if it was at variance with the answer of defendant as contended for by counsel for plaintiff.

Plaintiff claims that he was employed by defendant in the capacity of draftsman from June 6, 1924, to February 5, 1925. The contention of defendant, on the other hand, is that his employment ran from June 8, 1924, to January 8, 1925, at which time defendant says he was discharged from service.

H. L. Robinson testifies that he saw plaintiff working in defendant's office about the 28th of January, 1925, but did not know if he was then an employee of defendant.

Mrs. Thompson, plaintiff's wife, testifies that she was with her husband at defendant's office on different occasions after January 5, 1925, where he was working at the time; that he ceased working there some time around the first week in February, 1925. She admits that he continued to go to the office thereafter, but only on friendly visits. Plaintiff is positive that his contract was terminated on February 5, 1925. The defendant says that plaintiff's work as draftsman continued

until his discharge on January 8, 1925. The preponderance of the evidence is the other way and shows that the contract ended on or about February 5, 1925, as testified to by plaintiff.

Defendant in his answer denies that plaintiff alone prepared or drew the plans for the association, and that he assisted him in the drawings. It is shown that these plans were drawn after plaintiff had been employed; that he drew plans for other buildings for defendant for which he was paid two-thirds of one per cent. commission on the contract price; also, that the plans for the erection of the proposed college were drawn in his handwriting as appears from the testimony of the printer to whom they had been submitted. It is true that defendant made some suggestions in reference to the plans for the prospective college, but it is shown that suggestions of this character are usual and customary, by architects in supervising specifications or plans devised by draftsmen for their benefit.

The petition, answer, and evidence show that this commission of two-thirds of one per cent. on the contract price for all work obtained by defendant was payable to plaintiff when defendant was paid for the work. The defendant, after alleging that the original contract was modified by excepting therefrom the plans in reference to the building of the college, alleges that plaintiff was finally paid the sum of $205, which he accepted in full settlement of the plans and drawings for the association. Further on in his answer, defendant alleges that by check for $10, dated January 8, 1925, which bears the notation "payment in full to date," and indorsed by plaintiff, he was paid in full settlement of all amounts due by defendant for any reason whatsoever.

It is not denied in defendant's answer, as was alleged by plaintiff, that on October 14, 1927, he had sued the Baptist Association for his services as architect amounting to $2,800 on a basis of 3½ per cent. on the sum of $80,000, the lowest bid for the construction of the proposed college. It is shown that he recovered judgment in his suit for the amount demanded, which he subsequently sold for $2,000, finally realizing $1,543.30 thereon after the payment of attorney's fees.

The contract for the compensation of two-thirds of one per cent. of the contract price stipulated in favor of plaintiff was, as before stated, payable when defendant realized payment on his work. Obviously, when this draft for $10 with notation of payment in full was given on January 8, 1925, it could not have been intended for the commission for plaintiff, which arose or became exigible only when defendant made his collection by the sale of the judgment, certainly at a date subsequent to October, 1927, the time when it is admitted he filed his suit.

As to other allegations of a payment of $205 in full, there is no check, writing, or receipt in the record for any such sum received by plaintiff, and no proof to overcome plaintiff's denial of any such final settlement. The burden of proof to show such a settlement was on defendant, as it constituted a special defense which the record does not sustain.

Counsel for defendant in his pleadings and brief refers to the fact that defendant finally collected only $1,543.30 on his contract with the Baptist Association. He says in his brief that from the testimony of plaintiff, it seems that he would be entitled only to what defendant actually collected. The answer of defendant admits that plaintiff's commission was based on the contract price work obtained by defendant. It is abundantly shown by the

evidence also that such was the commission agreed to in favor of plaintiff, who it does not appear anywhere in the record consented to the sale of the judgment for $2,000 or to the reduction of the claim to $1,543.30, which defendant says he finally realized on his contract with the association.

Plaintiff is therefore entitled to recover his commission based on the contract price when defendant would be paid, which is established by the allegations of plaintiff's petition, by the answer of defendant, and the proof, but which was not to be figured on the amount defendant would actually collect for his work or realize therefrom.

Plaintiff is therefore entitled to the amount decreed, which is less than demanded, but was properly reduced by the district judge.

LECHE, J., not participating.