On October 14th and December 13th, 1939, the defendant, Lawrence L. Carter, bought certain household furniture from a concern named Mintz Goldblum. The purchase price of the furniture aggregated the sum of $220.56 and was payable in monthly installments which were secured by a chattel mortgage. The payments were not regularly made and by March, 1940, the total payments on account amounted only to $35. On August 1, 1940, the agents of Mintz Goldblum called at defendant's home and unlawfully removed the furniture and placed it in the warehouse of their principal. Subsequently, on August 29th, Mintz Goldblum assigned the claim for the balance due on the purchase price, amounting to $185.56, to Security Discount Co., Inc., the plaintiff in this case. Shortly thereafter, Carter filed suit for damages against Mintz Goldblum for the illegal acts of its agents for forcibly invading his home and removing the furniture. He obtained judgment against it in the First City Court for the sum of $200. The judgment was affirmed by this court on appeal. See Carter v. Mintz Goldblum, 8 So.2d 709.
In the meantime, Security Discount Co. Inc., as assignee of the claim for the purchase price of the furniture, filed the present action against Carter for recovery of the balance of $185.56 and for recognition of the chattel mortgage and vendor's lien on the furniture. Carter denied any liability in the premises and, after a trial in the First City Court, judgment was rendered in favor of the plaintiff for the amount claimed by it. Carter has prosecuted this appeal from the adverse decision.
On the trial of the case in the court below, it was shown that Mintz Goldblum is now in possession of the furniture sold to Carter and that it has had possession since August 1st, 1940, when its agents unlawfully removed it from Carter's home. In view of this, it is clear that plaintiff is not entitled to recover the purchase price, forasmuch as Mintz Goldblum, its assignor, has obviously been guilty of a breach of contract and cannot now demand performance by Carter of the obligation.
Counsel for plaintiff, in oral argument and in brief, directs our attention to the fact that Carter denied in his answer each and every allegation of plaintiff's petition; that, after plaintiff had proved the sale of the furniture, Carter was permitted to show, notwithstanding counsel's timely objection, that the furniture was removed by Mintz Goldblum and that the latter has it in its possession. It seems to be counsel's position that, since Carter denied the existence of the contract, he should not have been permitted to testify with respect to the removal of the furniture from his home by Mintz Goldblum.
We see no merit in this contention. The record reveals that counsel for plaintiff brought out in the evidence submitted by plaintiff that the defendant, Carter, was the same man who bought the furniture and subsequently claimed that it was unlawfully repossessed by Mintz Goldblum. Moreover, the record shows that counsel for plaintiff offered in evidence the record in the case entitled "Lawrence L. Carter vs. Mintz Goldblum" No. 289-476 of the docket of the First City Court of New Orleans.
Counsel also suggests that it is unfair to permit Carter to obtain a judgment for $200 damages and avoid the obligation he assumed under the contract with Mintz Goldblum. The answer to this proposition is that the damages were awarded to Carter for the unlawful invasion of his home by the agents of the furniture company and that its act, in removing the furniture and keeping it, is a breach of the contract which deprives it, and its assignee, of the right to recover the purchase price.
For the reasons assigned, the judgment appealed from is reversed and plaintiff's suit is dismissed at its cost. *Page 652