EDWARDS, Judge.
Plaintiff, John C. Bonfiglio, brought this suit against defendants, Kay M. McDemp-sey and State Farm Mutual Automobile Insurance Company, to recover damages for *238 personal injuries sustained in an automobile-pedestrian accident. The trial court found both the driver of the vehicle, McDempsey, and the pedestrian, plaintiff, negligent and rendered judgment in favor of the defendants, dismissing plaintiff’s suit. Plaintiff has appealed.
The accident occurred on the morning of May 8,1975, in the parking lot of the Savoy Plaza Apartments, located on Wooddale Blvd., in Baton Rouge. Plaintiff had parked his car on the north side of the parking lot and was walking across the lot in a general southeasterly direction toward, the apartment buildings. McDempsey, driving in a westerly direction, drove by the plaintiff, passing from his left to right, as she approached the parking lot exit onto Wooddale Blvd. The exit was blocked, however, because of a stalled car. McDempsey decided to back up and leave the parking lot by a different exit. She turned around, looked over her right shoulder through the rear window, and also checked the rearview mirror to make sure that her rearward path was clear. She then backed up slowly. When she had backed approximately ten to fifteen feet, her vehicle and plaintiff made contact. The contact did not throw the plaintiff to the ground, though he fell to one knee. McDempsey had not seen plaintiff at any time prior to this contact.
The trial court held that McDempsey was negligent for failing to observe the plaintiff as she backed, but that plaintiff was barred from recovering from the defendants because he was contributorily negligent for failing to observe the backing automobile.
Plaintiff contends, citing Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978), that contributory negligence is no longer a bar to recovery in an automobile-pedestrian accident suit and that the judgment of the trial court must be reversed.
The Supreme Court in Baumgartner expressly stated the intention to abolish the-contributory negligence defense in automobile-pedestrian cases. However, the absolution of plaintiff from contributory negligence, via Baumgartner, does not compel reversal of the trial court’s judgment in the instant suit.
The trial judge noted in his Written Reasons for Judgment that the evidence was in conflict as to whether McDempsey hit plaintiff or whether plaintiff “slapped” or walked into the car. The trial judge did not resolve this conflict inasmuch as he found plaintiff contributorily negligent. With the apparent demise of the defense of contributory negligence in such cases, the resolution of this conflicting evidence becomes essential.
Plaintiff testified that he was struck by the left rear corner of McDempsey’s car.
The only eyewitness, Mr. T. V. Thompson, testified that he observed the incident from a balcony approximately fifty or sixty feet from the scene. He testified emphatically that the vehicle did not strike plaintiff, but that plaintiff more or less slapped or ran into the car. Thompson stated that the contact was at the right rear of the car.
The trial court, accepting Thompson’s testimony, held that the contact occurred at the right rear.
We believe that the testimony of Thompson, a disinterested witness, has the greater probative value. We therefore find that the car did not strike plaintiff.
Consequently, plaintiff has failed to prove one of the essential elements of his cause of action, i. e. causation. See Pence v. Ketchum, 326 So.2d 831 (La.1976).
For the above reasons, the judgment of the trial court is affirmed at plaintiff’s cost.
AFFIRMED.