367 So.2d 1199 (1978)
Betty Cheramie, wife of/and Paul ORGERON
v.
Louis E. SWEATMAN and Orkin Exterminating Co., Inc.
No. 9451.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1978.
*1200 Kenneth J. Hurst, Marrero, counsel for Betty Cheramie, w/o and Paul Orgeron, plaintiffs-appellees.
Montgomery, Barnett, Brown & Read; Charles A. Boggs and Sylvia Landry, New Orleans, counsel for Orkin Exterminating Co., Inc., defendant-appellant.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
Orkin Exterminating Co., Inc. has appealed from a judgment in favor of plaintiffs for damages arising out of an accident between a truck owned by Orkin and operated by its employee, Louis E. Sweatman, and an automobile operated by plaintiff, Mrs. Orgeron. The accident occurred at the intersection of Avenue A and U. S. Highway 90 (Westbank Expressway) in Marrero, Jefferson Parish.
The testimony of Mrs. Orgeron and a disinterested witness, James Antoine, established that she had stopped on Avenue A in obedience to a red semaphore signal and a few moments after it turned green she started to cross the outside lane of Highway 90. After entering the second lane of the highway, her left front door was struck by the truck. Antoine was operating a public transit bus coming from the other direction on Avenue A and stated unequivocally that Sweatman entered the intersection against a red light. This evidence amply supports the trial judge's conclusion that Sweatman's negligence was the proximate cause of the accident.
After considering the issue of negligence, the trial judge then found that Sweatman was on his employer's business and that there was vicarious liability on the part of his employer Orkin. Although Sweatman was a party defendant, he was not served with citation and was unavailable at the trial. The situation gave rise to the real issue on this appeal, that is, the liability of Orkin for Sweatman's tort under the circumstances of this case.
Louisiana Civil Code Article 2320 provides that employers are answerable for the damages occasioned by their servants in the exercise of the functions in which they are employed. As stated in the case of Babineaux v. Lavergne, 321 So.2d 401 (La. App. 3rd Cir. 1975) at page 404:
"Whether an employee was acting within the course and scope of his employment must be decided on the facts of each case. Sweet v. Trahan, 159 So.2d 782 (La.App. 3 Cir. 1964). The test to be applied is whether the employee is performing some function for his employer and for which he was employed. (Citations omitted)."
In applying that test, we note that Orkin admits that Sweatman was employed as a route man and that he was furnished with a truck in which he drove about a particular geographic area servicing such customers as needed Orkin's services. The manager testified that the company had experienced a rash of thefts of articles from its vehicles, such as batteries and tires, so a policy was instituted which permitted the route man to take the truck home after working hours and use it to return to work the next day, thus lessening the risk of theft. The employee was instructed that he was not to use the vehicle for any other purpose except transportation to and from work. This accident happened after normal working hours at a location within the boundaries of Sweatman's territory, but outside of the area between Orkin's office and Sweatman's house.
*1201 There is in the record no direct explanation of why Sweatman was driving in this place at that time. He was not available as a witness to explain the event. It is Orkin's contention that Sweatman had checked out at Orkin's office in Gretna at 6:00 P. M. and was not engaged in any business of Orkin's. Instead, it contends that Sweatman was using the truck for his own purposes, and that he had been on a trip to Avondale, some miles west of Gretna in order to do his laundry at his son's home, and was returning to his home at Marrero (located between Gretna and Avondale), when the accident occurred. As opposed to this, the plaintiffs contend that Sweatman was using the truck during this time to get to a telephone in order to call several customers of Orkin's and arrange his route for the next day.
In support of these contentions, each party has offered hearsay evidence to explain Sweatman's actions. Both parties raised issues as to the admissibility of this evidence and the probative value of it. Indeed, it is upon these narrow issues that the resolution of this case rests.
The evidence in this case is somewhat balanced as recognized by the trial judge who concluded that he was satisfied that Sweatman was on his employer's business. The time and place of the accident, together with the direction in which Sweatman was proceeding, would all show that he was not in the usual course of Orkin's business. However this is balanced by the testimony of Orkin's manager that one of Sweatman's duties was to call his customers in order to arrange his route for the next day. Ordinarily this was done from the office, but the manager testified that sometimes, because of the length of time in finishing the route, or because the customers were not home, the employee would make such calls on his own after hours. The evidence reflects that Sweatman checked out at 6:00 o'clock P. M. and further that Sweatman had no telephone at his home. From this evidence, one could just as reasonably conclude that Sweatman was engaged in the company's business as conclude that he was using the truck for his own purposes.
In an effort to prove the purpose of Sweatman's use of the truck, Orkin offered into evidence the statement of its manager that after the accident, Sweatman told him that he was using the truck to take his laundry to his son's house and was returning when the accident happened. This is clearly hearsay evidence, but it was not objected to by the opposing party, and was indeed elicited again on cross examination by that party. Under these circumstances, it is permissible in evidence and may properly be considered and given probative value. Coleman v. Victor, 326 So.2d 344 (La. 1976). To offset this testimony, the plaintiff offered into evidence statements of Sweatman made under oath while testifying in a criminal trial as a defendant charged with a traffic offense from this same accident. That testimony was to the effect that Sweatman was using the vehicle to make telephone calls to his employer's customers for servicing the next day. Timely objection was made to this evidence and indeed, such evidence is ordinarily ruled out as hearsay. However in this instance the evidence was offered "for purposes of showing possibly what Mr. Sweatman was doing and for contradictory purposes". The court ruled: "For the limited purpose I am going to permit it to be offered into evidence."
We agree with the court's ruling. Although the evidence would ordinarily be excluded, its introduction is permissible to serve as a contradictory statement to offset the hearsay statement as to activities previously entered into evidence. Since the defendant offered the original hearsay statement as proof of Sweatman's purpose, it cannot be heard to complain of the use by its opponent of similar evidence of Sweatman's purpose. See for example Thompson v. Goodman, 126 So. 527 (La.App. 1st Cir. 1930); Security Discount Company, Inc. v. Carter, 11 So.2d 650 (La.App.Orl.1943). Under these circumstances, it would be eminently unfair and prejudicial to plaintiff for the court to consider the hearsay offered by defendant, and not consider the hearsay offered by plaintiff. *1202 In summary then, there is some evidence upon which the trial judge could make a finding that the driver Sweatman was doing one of the duties for which he was employed. It is further noted that the hearsay evidence offered by Orkin is based entirely upon the credibility of Orkin's manager that Sweatman made such a statement to him, whereas the hearsay offered by plaintiffs is a sworn statement of Sweatman himself, made in court. It is axiomatic that a reviewing court on appeal should accord great weight to the credibility decisions of the trial court, and should not overrule his findings of fact unless manifestly erroneous.
However there is an additional factor which leads us to affirm the decision of the trial court. It is not disputed that Sweatman's duty as the route man involved the driving of the company truck and that he was driving within the geographical limits of his route. In the case of Windham v. Security Insurance Company of Hartford, 337 So.2d 577 (La.App. 4th Cir. 1976), we stated at page 579:
"The jurisprudence establishes that when an employee is driving his employer's vehicle at the time of an accident he is presumed to be acting in the course and scope of his employment, and his employer will be responsible for damages sustained by third parties as a result of the employee's negligence; this presumption is rebuttable by the employer, but only strong and convincing evidence will be sufficient to overcome the presumption."
We have discussed the evidence offered above, and say that it does not meet the test of strong and convincing evidence sufficient to overcome the presumption. The evidence did not convince the trial judge who found as a fact that Sweatman was on his employer's business at the time of the accident, and it certainly does not convince us that the trial judge was manifestly erroneous.
For the reasons assigned, the judgment is affirmed.
AFFIRMED.
SCHOTT, J., dissented and filed opinion.
SCHOTT, Judge, dissenting:
The only legal basis for holding Orkin liable to plaintiffs would be if Sweatman was in the exercise of the functions of his employment at the time of the accident. LSA-C.C. Art. 2320. Liability does not arise simply from the fact of ownership of the vehicle or general employment of the person who drives it but depends on whether the driver was in the exercise of the functions for which he was employed. James v. J. S. Williams & Son, 177 La. 1033, 150 So. 9 (1933); Babineaux v. Lavergne, 321 So.2d 401 (La.App. 3rd Cir. 1975); Laird v. Travelers Indemnity Company, 236 So.2d 561 (La.App. 4th Cir. 1970); Wills v. Correge, 148 So.2d 822 (La.App. 4th Cir. 1963), writ refused 150 So.2d 768.
Since the burden of proof was on plaintiffs to prove every essential element of the claim as in any civil case, plaintiffs had to prove that Sweatman was in the exercise of the function for which he was employed by Orkin. In my opinion, they not only failed to prove this element but they failed to offer one scintilla of evidence to prove the issue.
Sweatman's testimony at his trial in traffic court was clearly inadmissible as the rankest form of hearsay. There is no authority to consider this evidence to prove what Sweatman was doing with the truck, and once the evidence is disregarded for this purpose there remains no basis for the statement in the majority opinion that "there is some evidence upon which the trial judge could make a finding that the driver Sweatman was doing one of the duties for which he was employed."
The only legitimate use of Sweatman's testimony in traffic court was to impeach the testimony of Orkin's manager, also hearsay, that Sweatman told him he was using the truck to go to his son's house in Avondale to do his (Sweatman's) laundry. Since this statement was not objected to it was properly before the court, but since Sweatman's testimony in traffic court was timely objected to it was clearly inadmissible except for the limited purpose of impeachment.
*1203 Therefore, the trial judge could ignore the manager's testimony if he considered it impeached, but there is still no evidence to prove that Sweatman's use of the truck was job related and the judgment against Orkin is without support.
Finally, I submit that Windham v. Security Insurance Company of Hartford, 337 So.2d 577 (La.App. 4th Cir. 1976), does not have the effect of relieving plaintiff of the burden of proof in this case. In Windham, the employee started out using his employer's car in the middle of a working day to discharge a specific duty assigned him, i. e., to return the car to a garage for repair. Finding the garage closed he proceeded in the car to another garage around the corner where his own car was being repaired, but that garage was also closed. He then proceeded to his home in the employer's car and an accident occurred on the way. He testified that he was faced with only two alternatives, either leaving the automobile at the closed garage or driving it home, and he chose the latter.
In my opinion, the language from Windham cannot be quoted out of the full context of the decision and without regard to the circumstances of the case. If the language is literally true all plaintiffs had to do was establish Orkin's ownership of the vehicle and rest. Thereafter it became Orkin's burden to prove a negative with respect to the activities of the absent Sweatman when he was driving the truck. This represents a radical departure from the simple rule that a plaintiff has the burden of proof and I do not believe that the court intended this result in the Windham case.
I submit that the Windham court intended to say that plaintiff had produced sufficient evidence to shift the burden of proof to defendant. Considering the time of day, the location of the accident, and all of the reasons for the employee's use of the car which included his judgment not to leave the car at the closed garage, the burden properly shifted to defendant.
As opposed to these facts, we have Sweatman using the truck long after working hours at a location beyond his home in relation to the Orkin office and under circumstances where there was no conceivable connection between his work and the use of the truck.
I would reverse the judgment of the trial court.