We granted certiorari to review the correctness of a decision to strike a plea of contributory negligence.
The plaintiff, Leon Jones, filed suit for damages for an injury arising out of a pedestrian-automobile accident. The petition alleges that plaintiff was attempting to cross the street when struck by the auto driven by Irwin J. Rousseau, one of the defendants. Rousseau and his insurer answered by denying any negligence on their part and by setting out the affirmative defense of contributory negligence on the part of the plaintiff. Plaintiff then filed a motion to strike the defense from defendant’s answer. The trial judge maintained the motion, striking the defense and also excluded all evidence referring to plaintiff’s alleged negligence. The only question before us is the correctness of this decision.
The decision was based upon the case of Baumgartner v. State Farm Mutual Automobile Insurance Co., 356 So.2d 400 (La.1978). In that case, the Louisiana Supreme Court held that a pedestrian-plaintiff’s contributory negligence will not bar his recovery. The trial judge held in this case that contributory negligence could not, under *601 Baumgartner, be set out as an affirmative defense and an answer by the driver of the automobile. We agree with this ruling and affirm the striking of the defense of contributory negligence.[1] The ruling apparently went further than this, however, and we do not feel that Baumgartner intended to create a broader rule than the one stipulated above.
The motion to strike asked that paragraphs VIII and IX of defendant’s answer be removed. These read as follows:
“XIII
“And now further answering, defendants aver that the plaintiff was guilty of negligence in the following particulars, among others to be shown at the time of trial:
“1. Failing to see what he could or should have seen;
“2. Failing to take any means to avoid the accident;
“3. Failing to maintain a proper lookout.
“4. By suddenly and without warning just walking into the path of the defendant;
“5. Generally, in the careless and reckless fashion in which he handled himself under all the circumstances;
“IX.
“And further answering, defendants aver that the above acts of negligence amount to contributory negligence, which acts as a bar to plaintiff’s recovery herein.”
In our view, the striking of paragraph IX was properly done in accordance with Baumgartner. Paragraph VIII, however, merely alleges that the plaintiff was guilty of negligence. In striking this paragraph and preventing the introduction of any evidence of the plaintiff’s negligence, the trial judge has expanded Baumgartner beyond the realm of contributory negligence as a bar to recovery. The exclusion of all evidence on the subject of negligence interferes with other defenses which the driver may wish to plead.
In Baumgartner, the Supreme Court states the following:
“It must be noted, however, that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.”
An examination of whether or not the driver exercised “all reasonable care” will almost surely require an examination of the actions of the pedestrian. Normally, the actions of the driver are examined in light of the situation presented by the actions of the pedestrian and judged in terms of distance and time. There are also cases in which there may be some negligence on the part of the driver, but the negligence of the pedestrian is the proximate cause of the accident. Under this ruling the driver is prohibited from introducing proof as to causation if this proof involves the pedestrian’s negligence, as it invariably will. We therefore feel that exclusion of all evidence relating to the pedestrian’s negligence is actually in conflict with Baumgartner and renders that decision unworkable.
The recent case of Bonfiglio v. McDempsey, 360 So.2d 237, (La.App. 1st. Cir. 1978) provides an illustration of the rationale of our holding. In that case the trial court held that the contributory negligence of the plaintiff-pedestrian barred his recovery. The First Circuit, after citing the rule of Baumgartner, stated that the absolution of pedestrian-plaintiffs from contributory negligence did not compel reversal of the judgment in that case. The court then proceeded to examine the evidence and affirmed the trial judge for lack of proof of causation. See 360 So.2d 238.
In its discussion of the evidence the following paragraph was included in Bonfig-lio :
“The only eyewitness, Mr. T. V. Thompson, testified that he observed the incident from a balcony approximately fifty or sixty feet from the scene. He testified emphatically that the vehicle did not strike plaintiff, but that plaintiff more or less slapped or ran into the car. *602 Thompson stated that the contact was at the right rear of the car.”
Proof of causation clearly includes an examination of the activities of the plaintiff-pedestrian. Exclusion of all such evidence would apparently have led to an opposite result in Bonfiglio. We do not believe that Baumgartner was intended to have such an effect.
There is another contention dealing with the fact that the trial judge stated in the judgment and in his written reasons that the court considered these proceedings not only as a motion to strike, but also as a motion for partial summary judgment. This was apparently done because of the fact that the motion to strike was not filed within the 10 day time limit of Code of Civil Procedure Article 964. We simply point out that Article 964 authorizes the court to bring a motion to strike on its own and this may be done “at any time”. There is no other basis for the trial judge’s consideration of this matter as a summary judgment. The motion to strike is applicable to this type of pleading situation.
We therefore affirm the judgment granting the motion to strike the defense of contributory negligence from the answer and prohibiting argument or other presentation to the jury of such defense. We amend by allowing Article VIII of the answer to remain and permit evidence of plaintiff’s negligence to be introduced in accordance with it.

AMENDED AND AFFIRMED.

. L.C.C.P. Art. 964 makes the action of the trial judge on the motion discretionary.