HUGHES, Judge.
The defendant, Dr. Charles J. Talbert, Jr., and his insuror, the Liberty Mutual *78 Insurance Company, here appeal from a judgment which condemned them to pay to plaintiff-appellee, Donna Breen, the sum of $10,000. and an additional $564.80 to an intervenor, the Charity Hospital of Louisiana. The litigation arises out of an automobile-pedestrian collision at a major intersection in the City of New Orleans. The trial judge found the defendant driver, Dr. Talbert, to be negligent and the proximate cause of plaintiff’s injuries. The defendant driver and his insuror appealed and we affirm.
The only issue before us is whether or not the trial court was in error in finding the defendant driver to be negligent and the cause of plaintiff’s injuries.
The accident occurred on February 17, 1977 at the intersection of South Carrollton and South Claiborne Avenues in the City of New Orleans. Dr. Talbert was driving toward New Orleans from Jefferson Parish crossing Carrollton when the accident occurred. Mrs. Breen has been on the neutral ground of Claiborne Avenue when she attempted to traverse the downtown bound lanes. She was headed in the direction of the river. Shortly before the accident it had been raining and the streets were still wet but it was a clear night and the intersection offered an unobstructed view for motorists attempting to traverse the intersection. The area was well lit and traffic was controlled by electric signal lights.
The defendant and his wife, who was a passenger in his automobile when the accident occurred, both contended that the plaintiff simply ran or fell into their car. They were not aware of Mrs. Breen’s presence in or near the intersection until the split second of the impact. As Dr. Talbert approached the intersection the light changed from red to green and he proceeded to cross South Carrollton at what he indicated was a moderate rate of speed. Dr. Talbert and Mrs. Talbert were talking with each other until the impact. When struck, Mrs. Breen was in a pedestrian crosswalk and carrying a suitcase.
The evidence reflects that plaintiff had been using a telephone located on the neutral ground moments before the accident. She left the telephone booth and observed the light was green so she attempted to cross South Claiborne Avenue. A few steps away from the curb, she noticed that the light was changing and she attempted to get back to the safety of the neutral ground. She stumbled as she got close to the curb and was hit by Dr. Talbert’s car before she made it back to safety. The trial court heard the testimony of Dr. and Mrs. Talbert and Mrs. Breen who could remember very few details concerning the accident and the testimony of another lady who claimed to be an eye witness. The trial court rejected the testimony of the eye witness. The trial court rejected the testimony of the eye witness based upon the conclusion that the witness was confused and unreliable.
The defense counsel has argued strenuously that Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978) is inapplicable in this situation. He suggests that Dr. Talbert should be exculpated from liability for the reason that he was not shown to be guilty of any negligence whatsoever under the circumstances. His contention is that Mrs. Breen exposed herself to being hit by traffic imprudently and that she, through her own carelessness was the sole cause of the accident.
The trial court obviously disagreed with this argument and we do also. We think the trial court was of the opinion that Dr. Talbert failed to maintain a proper lookout. The record supports such a conclusion. The intersection has been described in great detail in the record and Dr. Talbert who was familiar with the intersection knew that the street was very wide and pedestrians were usually present. Under such circumstances it is obvious that occasionally pedestrians are caught in the middle of the traffic lane when the lights change. Dr. Talbert’s duty in this situation was defined by the Supreme Court in Baumgartner, supra, as follows:
Our law imposes an additional burden upon motorists approaching a pedestrian crosswalk to use more than ordinary care *79 to see what is ahead; they must expect that people may be crossing' and be prepared for that possibility. Baumgartner, supra, at p. 404.
We are obliged to affirm the factual findings of the trial court and the trial court’s assessment of the credibility of witnesses unless we are able to discern manifest error from the record. Arceneaux v. Domingue, 375 So.2d 1330 (La.1978). Our own review of the testimony, particularly the testimony of the witness who was discredited, leads us to the conclusion that the trial court did not commit manifest error in evaluating the testimony of the witnesses and there is no indication that the trial judge was wrong in his factual findings regarding the events.
It is clearly a holding of Baumgartner v. State Farm Mut. Auto. Ins. Co., supra, that the first duty of one operating a motor vehicle is to keep a sharp lookout ahead to discover the presence of those who might be in danger. Having noted that the light just changed as he entered the intersection, it’s our view, and it was apparently the view of the trial court, that Dr. Talbert should have been particularly alert for pedestrians who might have been caught trying to cross the street when the light changed.
Due to the high degree of care placed upon automobile operators and the testimony presented in the trial court which failed to exonerate defendant from responsibility in this situation, we do not find that the trial judge committed any error and therefore the judgment rendered by the trial court is affirmed.
AFFIRMED.