446 So.2d 485 (1984)
Fred GREENUP
v.
Kathleen MAGINNIS and Security Insurance Company of Hartford, Connecticut.
No. CA-1040.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
George B. Recile, Metairie, for appellant.
James J. Morrison, Jr., New Orleans, for appellees.
Before GARRISON, GULOTTA and LOBRANO, JJ.
LOBRANO, Judge.
This appeal arises out of a vehicular/pedestrian accident in which George Greenup, appellant, was injured. Pursuant to stipulation by counsel, the trial court agreed to hear the evidence on liability first, then render a decision on same before hearing the quantum issue. At the close of plaintiff's case, a directed verdict was granted in favor of defendant-appellee. This appeal followed.
The dispositive issue of this appeal is whether there was manifest error in the trial court's conclusion that appellant failed to prove by a preponderance of the evidence *486 any actionable negligence on the part of the defendant driver.
On the morning of September 24, 1980, appellant, a waiter at the Court of Two Sisters Restaurant was walking to work when he approached the intersection of St. Louis and Bourbon Streets. While crossing Bourbon Street he was struck by an automobile driven by the appellee Kathleen Maginnis. Appellant contends that after looking both ways for oncoming traffic, he stepped out onto Bourbon Street, stopping at a point approximately one step from the curb to again look when he was hit by appellee's vehicle.
Appellee argues that appellant's own testimony on cross examination and at an earlier deposition, indicates that after looking and not seeing her vehicle he walked into the street and was immediately hit.
Appellant was the only witness to testify, and at the conclusion of his case, the trial court stated: "I have to rule that the evidence taken most favorable in light of the plaintiff's case does not establish any negligence on the part of the defendant."
Our review of the record convinces us that this ruling was not manifestly erroneous. Canter v. Koehring, 283 So.2d 716 (La.1973).
Appellant assigns as error on appeal the trial court's refusal to properly apply the ruling of our Supreme Court in Baumgartner v. State Farm Mutual Ins. Co., 356 So.2d 400 (La.1978). Contrary to appellant's argument, Baumgartner, supra does not impose strict liability upon the operator of a motor vehicle, but rather only bars the use of contributory negligence as a defense in vehicular/pedestrian accidents.[1] A plaintiff in such a case must still prove by a preponderance of the evidence some negligence on the part of the driver. Aetna Casualty and Surety Co. v. Nero, 425 So.2d 730 (La.1983).
Although we agree with appellant's proposition that an operator of a motor vehicle is under a duty to maintain a proper lookout, and must use more than ordinary care at a cross-walk, we adhere to the view expressed in Gauthreaux v. Edrington, 220 So.2d 138 (La.App. 1st Cir.1969) wherein the court stated:
"... the jurisprudence is well established that when a motorist sees a mature adult pedestrian apparently in full possession of his or her faculties, in a position of safety, the motorist can assume that such a pedestrian will not leave this position of safety and the motorist can rely on this presumption until some unusual action on the part of the pedestrian indicates to the driver otherwise." Id. at p. 140.

Appellant relies on his testimony and certain statements contained in the police report to sustain this burden of proving negligence. We agree with the trial court that appellant has failed in this regard.
Additionally appellant urges that the doctrine of res ipsa loquitur is applicable and the burden is shifted to appellee to exculpate herself. We disagree. The doctrine of res ipsa loquitur applies only where the following circumstances exist:
1. The defendant had exclusive control over the area;
2. The cause of the accident which resulted in damages is more properly within the knowledge of defendant;
3. All the facts and circumstances indicate that the negligence of the defendant, rather than the negligence of others, is the most likely cause of the accident. Williams v. E.J. Hull Electric Co., Inc., 433 So.2d 1097 (La.App. 4th Cir.1983).
Clearly the above requirements were not met in the instant case and thus the trial court properly refused to apply this doctrine.
Accordingly the judgment of the lower court is affirmed.
AFFIRMED.
NOTES
[1] Although the trial judge commented on the possible contributory negligence of appellant, it is clear his decision was based on the failure to prove any negligence on the part of appellee.