GULOTTA, Judge.
In this pedestrian-automobile accident, Mrs. Mazie Lobo, plaintiff, appeals from the judgment of the trial court dismissing her case, based upon a finding of no negligence on the part of the defendant, Mrs. Shirley F. Douglas. We affirm.
On a clear, dry August 5, 1982, at approximately 11 a.m., the plaintiff, on a grocery shopping errand with her 29-year old mentally retarded son, attempted to cross the lakebound side of South Carrollton Avenue at the Olive Street intersection. (South Carrollton Avenue at this intersection is composed of three lanes for vehicular traffic.) At the same time, the defendant was driving her Datsun 280Z sports car in the left lake-bound lane adjacent to the neutral ground.
According to the defendant, about halfway into the last block before Olive Street, she heard the sounds of horns blowing to the right of her. She saw a lady (plaintiff) walking across the street with a grocery cart and a man holding on to the cart. She assumed that they were to continue all the way across the street; however, they returned to the curb.
As defendant approached, she noticed that the car on her right was continuing to blow its horn while the car directly to the right of her, in the middle lane, had pulled in front of her and proceeded on. Almost immediately thereafter, she noticed that the lady with the grocery cart and her son, who were then directly behind the car to her right, were adjacent to the side of her car. Although defendant attempted to avoid the accident, the grocery cart hit her right door and the plaintiff hit the door in the area where it adjoins the bumper. When Mrs. Lobo hit the car, defendant blew her horn and stopped. At this time she was barely going 5 mph. Defendant then went up on the neutral ground where she came to a complete stop with the front and back wheels of the car half on the neutral ground and half in the street.
According to the defendant driver, after the impact Mrs. Lobo was lying about a foot in front of the car in a diagonal position with her feet closest to the car and her head in the middle lane. The position of the plaintiff was also confirmed by an independent pedestrian witness, Mr. Irving Mason who indicated however, that the Mrs. Lobo was five feet to the front of the car. Though Mr. Mason did not see the impact, he had earlier observed Mrs. Lobo and her son attempting to cross Carrollton Avenue at the intersection.
Plaintiff, a 62 year old lady with a vision problem in the left eye, only remembered looking both ways before crossing the street. According to her, she never walked back to the curb after she began her crossing with her son.
The trial court, on the basis of the testimony and evidence presented, found no negligence whatsoever on the part of the defendant and dismissed plaintiff’s suit.
Plaintiff contends that the trial court committed manifest error: (1) in failing to determine that, based upon the physical evidence at the scene of the accident, Mrs. Douglas was negligent in failing to exercise reasonable care to avoid the accident, and (2) in absolving the defendant of any negligence in the instant case.
Defendant’s testimony clearly supports a conclusion that plaintiff walked into the right rear of the automobile. The physical evidence relating to the position of plaintiff immediately after the accident, on the other hand, could very well support a conclusion that the right front of defendant’s car struck the pedestrian. However, based on a credibility determination by the trial judge in accepting the defendant’s version of the accident, and in the absence of expert accident reconstruction testimony by plaintiff (supporting her version of the accident) we cannot say the trial judge erred.
*873 We do not find our holding in this case to be inconsistent with Baumgartner v. State Farm Mutual Auto Insurance Co., 356 So.2d 400 (La.1978) and its progeny.[1] In the instant case, the defendant driver did not see plaintiff in a position of peril until the accident occurred. A reasonable explanation of defendant’s inability to see the plaintiff and her son was that her view was blocked by automobiles traveling in the same direction but in lanes closer to plaintiff as she walked across the street. Under these circumstances, we are led to conclude, as did the trial judge that no showing was made that the driver failed to “exercise reasonable care” in this case. (See Baumgartner).
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.

. Bays v. Lee, 432 So.2d 941 (La.App. 4th Cir. 1983); Oliver v. Capitano, 405 So.2d 1102 (La.App. 4th Cir.1981); Breen v. Eisworth-Talbert, Inc., 407 So.2d 77 (La.App. 4th Cir.1981); Jones v. Rousseau, 370 So.2d 600 (La.App. 4th Cir. 1979), writ denied 372 So.2d 1046 (La.1979).