Plaintiff filed this suit to recover for injuries allegedly sustained in an automobile-pedestrian collision. Made defendants were the driver and his insurer, and the State through the Department of Transportation and Development. Defendants have applied for a writ of certiorari asking us to review a pretrial ruling of the trial court denying defendants the chance to raise certain defenses.
The ruling of which defendants complain was rendered on October 9, 1984. A letter requesting clarification of the judgment was addressed to the trial judge on January 11, 1985. The trial judge responded by letter on January 16, 1985.
Defendants filed this application yesterday, February 11, 1985. Trial is set for tomorrow. Defendant’s dilatoriness is not appreciated by this court. Because the issue presented raises strictly a question of law, however, we will address the application.
Answering plaintiff’s petition defendant driver and his insurer alleged that plaintiff’s negligence was the sole proximate cause of the accident. Additionally, plaintiff’s “contributory negligence and/or assumption of the risk” is pleaded as a bar to plaintiff’s recovery, or “which mitigates recovery.” Defendant Department of Transportation and Development pleaded the fault of defendant driver “as alleged in plaintiff’s petition” or the fault of plaintiff as “causing individually or in combination the damages, if any, of the plaintiff.”
Plaintiff filed a rule to show cause why the defenses of contributory negligence and assumption of the risk should not be stricken from the pleadings as defenses. Plaintiff relied upon Baumgartner v. State Farm Mutual Automobile Ins. Co., 356 So.2d 400 (La.1978), and its progeny as authority that these defenses are unavailable to defendants. The trial judge maintained the rule “striking the defense of contributory negligence from the defendants’ answer in accordance with Jones v. Rousseau, 370 So.2d 600 (La.App. 4th Cir.1979), writ ref. 372 So.2d 1046, 372 So.2d 1047.” In his clarification letter the trial judge stated:
Your first inquiry asks if the defense of “assumption of risk” was not stricken in the Judgment of Oct. 9, 1984.
This Court has held that a defense of contributory negligence is not available in a case in which a pedestrian was struck by a vehicle while crossing a roadway.
The defense of “assumption of risk” necessarily falls with the stated holding.
*586 Your second inquiry asks if your defense asserted in paragraph 9 was stricken by the Judgment.
Your paragraph No. 9 considers the fault or conduct of both Willie L. Calhoun and Deborah Booker. Insofar as negligence has been alleged as to Mrs. Booker, this is barred.
Baumgarter, supra, explained that:
A higher standard of care than that required of pedestrians is imposed upon the motorist commensurate with the hazards his conduct inflicts upon the public safety. Therefore, he should not be able to escape responsibility for injury to a pedestrian by pleading the latter’s negligence. ...
It must be noted, however, that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.
This court in Jones v. Rousseau, supra, considered Baumgartner and stated:
An examination of whether or not the driver exercised “all reasonable care” will almost surely require an examination of the actions of the pedestrian. Normally, the actions of the driver are examined in light of the situation presented by the actions of the pedestrian and judges in terms of distance and time. There are also cases in which there may be some negligence on the part of the driver, but the negligence of the pedestrian is.the proximate cause of the accident. Under this ruling the driver is prohibited from introducing proof as to causation if this proof involves the pedestrian’s negligence, as it invariably will. We therefore feel that exclusion of all evidence relating to the pedestrian’s negligence is actually in conflict with Baumgartner and renders that decision unworkable. 370 So.2d at 601.
In accordance with Jones v. Rousseau, the trial court correctly struck the defense of contributory negligence as between the defendant-motorist and plaintiff. As held in Jones v. Rousseau, however, all allegations of the plaintiff’s negligence should not have been stricken. “The exclusion of all evidence of the subject of negligence interferes with other defenses which the driver may wish to plead.” 370 So.2d at 601. “Proof of causation clearly includes an examination of the activities of the plaintiff-pedestrian.” 370 So.2d at 602.
Concerning defendant Department of Transportation and Development, however, Baumgartner and its progeny are not applicable. The theory of recovery against Department of Transportation and Development is not based upon the relative degrees of standards of care imposed between a motorist and a pedestrian. Plaintiff pleads Department of Transportation and Development’s negligence and its strict liability. Plaintiff and Department of Transportation and Development do not stand in the pedestrian-motorist relationship controlled by the previous discussion. Department of Transportation and Development may defend the negligence allegations by whatever defenses are normally available. Likewise, the allegations of strict liability may also be defended by the normal defenses, such as third-party fault, victim fault or assumption of the risk.
All that Baumgartner and its progeny provide is that in an action by a pedestrian plaintiff against a defendant motorist, defendant-motorist may not escape nor reduce liability on the basis of the pedestrian’s contributory negligence.
Accordingly, insofar as the judgment of October ?, 1984, struck the defense of contributory negligence as between plaintiff and defendant-motorist it is affirmed. Insofar as the judgment of October 9, 1984, struck the defense of contributory negligence as between plaintiff and Department of Transportation and Development it is reversed, and, insofar as the trial court denies the defense of assumption of the risk to the Department of Transportation and Development as set forth in its letter of January 16,1985, that action is reversed. Further, both defendants shall be permitted to introduce all competent evidence in support of their allegations of plaintiff’s negligence. This matter is remanded for *587 further proceedings consistent with this opinion.