470 So.2d 212 (1985)
Phyllis Zych NELSON, Mary Zych Finnegan, Zygmonth Zych, Josephine Zych Cook, and Henry Zych, Personal Representative Of the Succ. of Louis Zych
v.
Robert EVANS, Jr., Evans Cooperage Company, Inc., and the Continental Insurance Co.
No. CA-2914.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
Rehearing Denied June 26, 1985.
*213 Robert M. Johnston, Johnston & Duplass, New Orleans, for defendants-appellants Robert G. Evans, Evans Co-op. Co. and Continental Ins. Co.
Darleen M. Jacobs, Charles J. Imbornone, P.C., New Orleans, for plaintiffs-appellees-appellants Phyllis Zych Nelson, et al.
John Volz, U.S. Atty., E.D.La., Joan Elaine Chauvin, Asst. Dist. Atty., New Orleans, for plaintiffs-intervenors on behalf of the United States of America.
Before SCHOTT and BARRY, JJ., and PRESTON H. HUFFT, J. Pro Tem.
BARRY, Judge.
Defendants appeal a jury finding of liability in this pedestrian/automobile accident and plaintiffs seek increased quantum on their survival claim.
Defendant Robert Evans, Vice-President of Evans Cooperage Company (a family corporation), testified he was driving a company car about 30-35 mph in the left lane of St. Charles Ave. about 9:30 p.m. He claimed to be going to his girlfriend's apartment as he approached the intersection of Polymnia St. When Evans was approximately 150 feet from the corner he saw Louis Zych walk from the neutral ground into the left lane of traffic. Evans took his foot off the accelerator, lightly braked, and steered to the right. After *214 Zych was four to six feet from the neutral ground he stopped, looked up, turned around and took two or three steps.
When Evans was about 60-70 feet away, Zych turned again and walked quickly into the right hand lane. Evans slammed on his brakes and veered farther to the right. He did not blow the horn. After fifty feet of skid marks the automobile struck Zych who hit the windshield, bounced off and landed in the street.
Zych sued Evans, Evans Cooperage Company, and Continental Insurance Company, the car's insurer. Zych died from natural causes one year after the accident and his five brothers and sisters were substituted as plaintiffs. A jury rejected the wrongful death claim because it was unrelated to the accident, awarded $30,000 on the survival action and $31,584 for medical expenses at the U.S. Public Health Hospital. Defendants appeal on the question of negligence and trial error, and plaintiffs seek increased quantum.
Zych's deposition states he had a couple of beers and a highball prior to the accident and remembered little of what happened thereafter. He was a merchant seaman but was "beached" at the time of the accident and never returned to work before his death. An autopsy showed he died from heart failure.
Defendants argue Evans was not negligent, that Zych's blood alcohol analysis should have been admitted, and that Evans Cooperage should not have been found liable.
The operator of a motor vehicle is under a duty to maintain a proper lookout and to see things he should have seen with the exercise of reasonable care. Bays v. Lee, 432 So.2d 941 (La.App. 4th Cir.1983). When motorists approach a crosswalk more than ordinary care must be exercised. Breen v. Eisworth-Talbert, Inc., 407 So.2d 77 (La.App. 4th Cir.1981).
Evans testified he did not know whether the victim had been using a crosswalk. However, he admitted familiarity with the area and stated he saw people on the sidewalk before the accident. Evans said he had 150 feet of unobstructed vision and saw Zych at the corner when there was ample time to avoid the accident. Controlling these facts is Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400, 406 (La.1978):
A motorist who could have avoided injury to a pedestrian by the exercise of care which is reasonable under the circumstances is at fault, and is responsible. The motorist cannot escape liability by proving that the pedestrian, admittedly in peril because of his own negligence, could have avoided injury more quickly than the motorist. The operator of a motor vehicle, a dangerous instrumentality, has the constant duty to watch out for the possible negligent acts of pedestrians and avoid injuring them. A higher standard of care than that required of pedestrians is imposed upon the motorist commensurate with the hazards his conduct inflicts upon the public safety.
Baumgartner compensates for the lack of mutuality of risks between pedestrians and motor vehicles. However, Baumgartner does not impose absolute liability on the driver in a pedestrian/automobile accident. Plaintiffs must prove by a preponderance of the evidence the driver's negligence. Aetna Casualty and Surety Company v. Nero, 425 So.2d 730 (La.1983); Greenup v. Maginnis, 446 So.2d 485 (La. App. 4th Cir.1984).
We are satisfied plaintiffs carried their burden. Evans could and should have discovered Zych's peril just as the driver in Baumgartner. Seeing Zych 150 feet away (200 feet in Baumgartner) was a sufficient distance to avoid the accident. Evans did not exercise reasonable care under the circumstances and we have no basis to disturb the jury's finding of negligence. See Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
Evans argues evidence as to Zych's blood alcohol level should have been admitted to support his testimony as to Zych's actions prior to the accident. The trial *215 court did not admit the police report which specified the level was .37. However, Zych's sobriety was brought to the jury by Dr. McGary who reviewed the hospital records. In any event, the alleged intoxicated state of Zych was not relevant to a determination of liability. See Aetna Casualty and Surety Company, supra.[1]
Defendants also contend there is no basis to hold the company liable even if Evans was negligent. They argue there was no evidence Evans was acting within the course and scope of his employment, and he was using the company car for personal use.
Jurisprudence establishes that an employee driving the employer's vehicle at the time of the collision is presumed to be within the course and scope of his employment. That presumption is rebuttable by strong and convincing evidence. Windham v. Security Insurance Company of Hartford, 337 So.2d 577 (La.App. 4th Cir. 1976); Orgeron v. Sweatman, 367 So.2d 1199 (La.App. 4th Cir.1978), writ denied 371 So.2d 615 (La.1979). There is no hard and fast criteria for determining course and scope; a case by case determination is warranted.
The criteria for an executive officer of a closely held corporation with a company vehicle at his disposal twenty-four hours a day cannot be the same as that for a subordinate employee. See Miller v. Keating, 349 So.2d 265 (La.1977).[2]
The only evidence to rebut the presumption was Evans' self-serving testimony that he was going to visit his girlfriend. The company car was also used by his father and brother for business and personal reasons. We find no manifest error holding Evans Cooperage liable.
The jury properly rejected the wrongful death claim since Zych died from heart failure. As to quantum our function is to review the award based on the particular injuries and their effect upon this particular person. Reck v. Stevens, 373 So.2d 498 (La.1979).
The $30,000 award to the five siblings under the survival action is penurious, at best, and should be increased. Zych, about 55 years old at the time of the accident, was hospitalized over seven months and suffered excruciating pain. He initially suffered a concussion which still manifested itself by confusion (not remembering day to day occurrences) over a week after the accident. He had a triple compound open fracture of the left leg and a comminuted fracture of the right leg. The tibia and fibula in his right and left legs were fractured and there was such fragmentation of the bones that each fracture consisted of more than two pieces. He underwent at least six surgical procedures, several involving the draining of the wound in the left leg, and an unsuccessful skin graft. Both legs wore several casts. His left leg became infected and that condition persisted after he left the hospital. He received trauma to his spine, kidneys, and had a severe lumbo-sacral and cervical strain. He suffered numerous cuts, multiple abrasions, contusions and lacerations from the violent impact with the car, its windshield, and the street.
Unquestionably, Zych's last year on earth was spent in misery. The description of his extensive injuries and pain was related by a treating physician. Zych was dead at the time of trial and his inability to personally describe his traumatic experiences to the jury certainly accounts for the niggardly award and the jury's abuse of its great discretion. Our articulated facts show crushing and agonizing injuries to all parts of Zych's body. We have reviewed numerous prior awards for multiple injuries, but do not find one with "similar" injuries. Reck v. Stevens, supra.
*216 Any award to the five siblings is based on the same criteria as if Zych had lived to personally recover. We feel the lowest amount for pain and suffering should be $70,000, plus $31,584 to the intervenor for medical expenses.
The district court judgment is amended to $70,000 in favor of plaintiffs and in all other respects affirmed.
AMENDED:
AFFIRMED.
NOTES
[1] In Aetna Casualty and Surety Company v. Nero, supra, the .47 blood-alcohol level of the pedestrian was not determinative; the negligence of the driver was the only consideration on the issue of liability.
[2] Although Miller involved the liability of an employer for intentionally tortious acts of employees who were the corporation's executive officers, the reasoning is persuasive.