BARRY, Judge.
The children of an elderly victim in an automobile/pedestrian accident appeal the denial of damages. They claim the jury erred in concluding that the victim assumed the risk. The motorist and her insurer argue that the driver was not negligent.[1]
FACTS
The accident occurred on December 12, 1979 about 6:00 to 6:30 p.m. on a four lane street with a street level neutral ground. Mrs. Bonnie Fernandez, age 72, whose husband was a front seat passenger, testified she was driving about 25 m.p.h. in the right outside lane. The police report specifies 35 m.p.h. which is within the speed limit.
Mr. William Albers, 75 years old, attempted to cross the street and was struck by Mrs. Fernandez’s car. She testified that she did not see Mr. Albers until he was on the windshield. In her deposition Mrs. Fernandez said that Mr. Albers was walking from the left side of her car, but explained she assumed that path of movement because she did not see the victim until impact.
On the night of the accident the sky was cloudy, the street was dry, and a street light was on the right side of the road. Mrs. Fernandez’s car was functioning properly and its headlights were on. She was in good health and was wearing prescription glasses.
Mr. Fernandez’s deposition (he died prior to trial) states that he had good eyesight, but did not see Mr. Albers until the man’s face was on the windshield when he heard the sound of shattering glass. He said Mr. Albers must have jumped in front of the car before impact.
Mr. Albers lived for about five minutes but died at the scene. He was wearing dark pants and a dark plaid shirt. The pathologist testified death was caused by multiple injuries and Mr. Albers had cirrhosis of the liver (associated with heavy drinking). His alcohol blood content was .001 percent.
Officer Philip Nicaud, who prepared the police report, testified there was no evidence to indicate which way Mr. Albers was attempting to cross the street or the speed of the car. There was no crosswalk or sidewalk where the accident occurred. The report shows the street was dark except for lights at intersections. Due to the lack of physical evidence Mrs. Fernandez was not given a traffic citation.
Plaintiffs’ accident reconstruction expert, Ross Mocklin, a police officer at the time who was called to the scene, testified that Mr. Albers’ clothing left an imprint on the *628 car’s hood and that does not occur at speeds under 30 m.p.h. However, he conceded neither the police report nor photos mentioned that fact. Because Mr. Albers’ major injuries were on his right side Mr. Mocklin concluded he was probably walking from left to right.
Mr. Mocklin testified that Mrs. Fernandez’s reactions did not fall within normal range and the accident could have been prevented if she had slowed down or swerved. He concluded the accident was caused by Mrs. Fernandez’s failure to see Mr. Albers prior to the accident.
STATEMENT OF THE CASE
William J. Albers, Jr., Ralph Albers and Jean Albers Schilling, the victim’s children, sued Mr. and Mrs. Fernandez[2] and their insurer, United States Fidelity and Guaranty Company, and the City of New Orleans. GEICO was made a defendant as William J. Albers, Jr.’s uninsured motorist carrier, but summary judgment was granted dismissing the other two plaintiffs’ claims against GEICO.[3]
In a supplemental petition, NOPSI (also third partied by the City of New Orleans) and Louisiana Power and Light Company were named as defendants, but they were granted summary judgment.
After one mistrial the jury responded:
1. Was the defendant, Vonnie [sic] Fernandez, negligent, and was her negligence the proximte cause of the injury?
X YES _NO
If yes, proceed to number 2.
If no, return to the courtroom.
2. Did the decedent, William Joseph Al-bers, die as a result of the injuries sustained in the accident?
X YES _NO
If yes, proceed to number 3.
If no, return to the courtroom.
3.Did the decedent, William Joseph Al-bers, knowingly and willingly assume the risk of being struck by the vehicle of the defendant, Vonnie [sic] Fernandez?
X YES _NO
If yes, proceed to the courtroom.
If no, proceed to number 4.
The result is a finding that Mrs. Fernandez was negligent and Mr. Albers assumed the risk which denied recovery.
CLAIMS AND ANALYSIS
“To assume a risk, one must knowing and voluntarily encounter a risk which caused him harm and must understand and appreciate the risk involved and accept it as well as the inherent possibility of danger because of the risk.” (Citation omitted). Rozell v. Louisiana Animal Breeders Cooperative, Inc., 496 So.2d 275, 278 (La.1986). The plaintiff must have knowledge of the risk, appreciate the danger and the nature and character which make it unreasonable. Restatement of Torts 2d, § 496D, Comment b.
As a pedestrian Mr. Albers could not have known the risk of being hit by a car, appreciated the risk’s unreasonableness and voluntarily encountered it. See Dofflemyer v. Gilley, 384 So.2d 435 (La.1980). This case is clearly distinguishable from Bourgeois v. Jones, 481 So.2d 145 (La.App. 5th Cir.1985), writ denied 484 So.2d 136 (La.1986), where the victim who had volunteered to stand on the white line in the center of the highway to collect for the VFW, was held to have assumed the risk. Here the jury was evidently confused about the defense, since the foreman asked for a clarification of that charge. The defendants did not carry their burden of proving the affirmative defense that Mr. Albers assumed the risk. The jury was clearly wrong.
*629 However, there can be no recovery unless the fault or negligence of the motorist is proven by a preponderance of the evidence. Nelson v. Evans, 470 So.2d 212 (La.App. 4th Cir.1984), writ denied 475 So.2d 365 (La.1985); Greenup v. Maginnis, 446 So.2d 485 (La.App. 4th Cir.1984). Instruction No. 4 given to the jury involved the law pursuant to Baumgartner v. State Farm Mutual Insurance Company, 356 So.2d 400 (La.1978).
Baumgartner declared that in automobile/pedestrian accidents contributory negligence is not a defense because there is no mutuality of risks between a pedestrian and a motor vehicle. The opinion did not impose absolute liability on an automobile driver simply because a pedestrian was injured. “[A] motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.” 356 So.2d at 406.
Aetna Casualty and Surety Company v. Nero, 425 So.2d 730 (La.1983) involved a vehicle/pedestrian accident somewhat similar to this case. The motorist was driving within the speed limit and did not see the victim before impact. It could not be determined from which direction the victim was trying to cross the street. The pedestrian was intoxicated and not in a crosswalk or at an intersection. The driver was sober and her car was functioning properly. The night was dark, street lights were inoperative and the black male victim was wearing dark clothing. The motorist did not have an opportunity to stop. Distinguishing Baumgartner our Supreme Court found the driver was not negligent.
Our facts are clearly distinguishable from Baumgartner, as summarized in Nero, 425 So.2d at 733:
In Baumgartner the pedestrian was crossing Canal Street in a marked crosswalk at a corner on a well-lighted street. The driver saw the pedestrian, applied her brakes in an attempt to stop, and sounded the horn. Experts testified that the victim could have been seen by a motorist at about 200 feet distance; thus the driver could have avoided the accident by slowing down. This court clearly emphasized the importance of the position of the pedestrian in a crosswalk and the fact that the driver in that case could have avoided the injury to the pedestrian by exercising care which would have been reasonable under the circumstances.
Mr. Albers was not in a crosswalk or at an intersection. The accident occurred at night, his clothing was dark, and the only street light was to the right of the road. The plaintiffs’ expert testified that Mrs. Fernandez’s reaction time was not within normal range and her failure to see Mr. Albers was the cause of the accident, a conclusion which is purely speculative.
The record does not support a conclusion that Mrs. Fernandez could or should have discovered Mr. Alber’s peril in time to avoid the accident. The police report concluded there was insufficient physical evidence to determine the car’s speed or the pedestrian’s direction. Nor is there proof that Mrs. Fernandez failed to exercise reasonable care.
Plaintiffs did not carry their burden of proof. Their expert’s speculative conclusions do not support a finding that Mrs. Fernandez caused the accident. Landry v. State of Louisiana, Department of Transportation and Development, 497 So.2d 743 (La.App. 3rd Cir.1986), writ denied 501 So.2d 234 (La.1987).
The judgment dismissing plaintiffs’ suit is affirmed.
AFFIRMED.

. We note the defendants in whose favor judgment was rendered did not appeal or answer the appeal. Plaintiffs appealed the entire judgment dismissing their suit. La.C.C.P. arts. 2083 and 2133 do not require a successful party to appeal simply because an appellate court may overturn a judgment. Robertson v. Parish of East Baton Rouge, 415 So.2d 365 (La.App. 1st Cir.1982). Appellees are not obliged to answer unless they seek to have the judgment modified, revised or reversed in part. La.C.C.P. art. 2133; Hilbun v. Hilbun, 498 So.2d 1127 (La.App. 3rd Cir.1986). Appellees filed a brief to support affirmance of the judgment in their favor.

. A third amending petition added the Fernandez’s daughter, to whom her parents allegedly transferred immovable property after the lawsuit. The petition asserted a revocatory action but the claim was severed prior to trial.

. GEICO filed a brief arguing that the son's UM coverage did not provide for the wrongful death of his father, not an insured under the policy. The City did not file a brief since appellants excepted the City from the appeal and stated in brief there is no viable claim against it.