398 So.2d 1150 (1981)
STATE of Louisiana et al.
v.
WILCO CONSTRUCTION CO., INC. et al.
No. 11490.
Court of Appeal of Louisiana, Fourth Circuit.
April 1, 1981.
State of Louisiana, Dept. of Justice, William J. Guste, Jr., Atty. Gen., Robert E. Redmann and Stephan J. Caire, Asst. Attys. Gen., New Orleans, for plaintiffs-appellees.
Dodge, Friend, Wilson & Spedale, Douglas S. Draper and Gordon F. Wilson, New Orleans, for defendants-appellants, Wilco Const. Co., Inc. and St. Paul Fire and Marine Ins. Co.
Deutsch, Kerrigan & Stiles, Frederick R. Bott, New Orleans, for defendants-appellants, Register & Cummings and Associates, Architects.
Before GULOTTA, SCHOTT and SARTAIN, JJ.
GULOTTA, Judge.
PER CURIAM.
St. Paul Fire and Marine Insurance Company has filed a "Motion for Clarification and/or Amendment to Judgment" to that part of the judgment rendered by this Court which reads, in pertinent part, as follows:

*1151 "The judgment in favor of the State of Louisiana and against Wilco Construction Company, Inc. and St. Paul Fire and Marine Insurance Co., in solido, is increased from $20,121.00 to $23,030.00 with interest from date of judicial demand until paid. The surety, St. Paul Fire and Marine Insurance Co., is exonerated from this award to the extent of $10,000.00."
No request for rehearing was made and our decision has become final.
St. Paul claims the State is entitled to interest based on the sum of $13,030.00. On the other hand, the State contends that interest should be calculated on $23,030.00 and the $10,000.00 credit in favor of St. Paul should be deducted from the $23,030.00 figure, plus interest.
Although the time for filing an application for rehearing in this Court has expired, we conclude we have authority to clarify the wording of our decree. The official revision comments to LSA-C.C.P. Art. 1951 state, "It is well settled that appellate courts have power to correct appellate court judgments." See also, State v. F.B. Williams Cypress Co., 132 La. 949, 61 So. 988 (1913); Levy v. Cappel, 39 So.2d 128 (La.App. 2nd Cir. 1949); State Dept. of Highways v. Eubanks, 345 So.2d 533 (La. App. 3rd Cir. 1977).
In our original opinion we stated that the surety's right to a pro tanto discharge resulted from the State's premature release of a portion of the retainage to the contractor. We concluded and decreed that St. Paul was exonerated from the award in favor of the State to the extent of $10,000.00. Having so decreed, we conclude that the State's position that legal interest should be computed on the full amount of the solidary judgment against the contractor and surety in the sum of $23,030.00 is without merit. The surety is entitled to a $10,000.00 release and cannot now be held liable for interest on the total $23,030.00 award. In phrasing our judgment it was not our intention to hold the surety liable for interest on the full award. We intended and now clarify that St. Paul Fire and Marine Insurance Company is responsible for interest on the net amount of the award after it has been exonerated from the payment of $10,000.00, or interest on $13,030.00.
Accordingly, the judgment rendered by this Court, 393 So.2d 885 (La.App.), is amended to read as follows:
The judgment in favor of the State of Louisiana and against Wilco Construction Company, Inc. and St. Paul Fire and Marine Insurance Company, in solido, is increased from $20,121.00 to $23,030.00, with interest from date of judicial demand until paid. The surety, St. Paul Fire and Marine Insurance Company is exonerated from this award to the extent of $10,000.00. St. Paul is therefore liable for interest on the sum of $13,030.00. In all other respects our original judgment remains unchanged.