SHORTESS, Judge.
On January 1, 1978, Jeanne S. Nero was employed as an operator at South Central Bell Telephone Company in Baton Rouge, Louisiana. At approximately 7:45 p. m., she was released from work and proceeded toward her apartment located at 1080 North 48th Street, in her 1967 Mustang. Near the intersection of 48th Street and Gus Young Avenue, Ms. Nero’s vehicle struck and killed Mack E. Knighten (decedent).
These suits arose from that accident. A motion to consolidate and transfer was denied by the Division I trial judge, but the parties stipulated that the plaintiffs in No. 14,737, “Christopher Knighten and Kenneth Knighten vs. Jeanne S. Nero, et al.,” would be bound by the liability findings in No. 14,736, “Aetna Casualty & Surety Company vs. Jeanne S. Nero.”
After trial on the issue of liability only, the trial judge, on motion of all defendants, dismissed both suits at respective plaintiff’s costs. Aetna Casualty & Surety Company had brought suit as conventional subrogee of Richard A. Knighten and Mack E. Knighten, Jr., descendants of the decedent. Filed in evidence were subrogation receipts wherein each acknowledged receipt of $3,000.00 from Aetna, which provided uninsured motorist insurance coverage on decedent. The plaintiffs in Knighten vs. Nero appeared solely in connection with the liability issue, and all other issues such as quantum and relationship were specifically reserved.
In addition to Jeanne Nero, made defendants in both suits were Arthur Rankin, owner of and doing business as Arthur’s Lounge, City of Baton Rouge, Parish of East Baton Rouge, and Gulf States Utilities.
Testimony at trial developed the following facts: that the decedent arrived at Arthur’s Lounge around 5:30 p. m. on January 1, 1978, with an unknown female companion; that he was intoxicated; that upon being seated a waitress took his order, but before it could be delivered, decedent slumped over and went to sleep, whereupon his companion left; that at approximately 8:00 p. m. decedent, still intoxicated but under his own power, left the lounge after being awakened by Arthur Rankin; that decedent was wearing dark clothing; that shortly thereafter he was struck by Jeanne Nero’s 1967 Mustang; that Ms. Nero was going in an easterly direction on Gus Young Avenue, a straight and level four-lane undivided street, at about 25 miles per hour, *392 proceeding toward her apartment; that as she approached the intersection of 48th and Gus Young, she decided to go to a friend’s house so did not turn on 48th Street; that approximately 84 feet past the eastern edge of the intersection her vehicle struck Knighten; that a chemical analysis of the decedent’s blood indicated he had a blood-alcohol level of .47% by weight at the time of his death; that Gulf States Utilities maintained the street lights on Gus Young Avenue near Arthur’s Lounge for the City of Baton Rouge and Parish of East Baton Rouge; that three street lights were in the vicinity of the accident but two were not lit at the time.
Upon completion of the evidence, all defendants moved for dismissal under the provisions of Article 1810 of the Louisiana Code of Civil Procedure, and the trial judge granted the motion as to all parties. In his oral reasons for judgment, the trial judge indicated that (1) plaintiffs had not borne the burden of proof by a preponderance of evidence to show that the lack of the street lights in the area had in any way contributed to Knighten’s death; (2) there was insufficient evidence to find that Arthur Rankin had contributed to Knighten’s death; and (3) Jeanne S. Nero was not negligent in causing his death.
The only specifications of error assigned by appellants concern the finding that Ms. Nero was not negligent.
We believe, however, that there was sufficient evidence to find Jeanne S. Nero negligent, contrary to the findings of fact of the trial court. On the night of the accident, Ms. Nero was traveling on a straight and level four-lane undivided street which was very familiar to her, as were the surrounding buildings. She had lived in the immediate area for about six years. She had been in Arthur’s Lounge on occasion and admitted that she knew that from time to time drunks congregated in the area. The weather was clear and dry. Her headlights were working properly as was her car. There were no parked cars or other obstructions to block or impede her vision. She was completely sober and was traveling well within the 35 mile per hour speed limit, in the right-hand lane. As she approached the intersection of 48th and Gus Young, rather than turn she continued eastward past Arthur’s Lounge. About this time, a car passed her driven by George Jackson, a friend. Almost immediately thereafter she struck and killed decedent, whom she did not see until after she hit him. She did not brake until she hit him. Her car left from 46 to 50 feet of skid marks in a straight line from the point of collision.
The trial court found that Knighten either walked or ran in front of the vehicle. We believe that this finding was speculative. Considering decedent’s .47% blood-alcohol level, it is highly unlikely that he ran in front of the car. Admittedly, he could possibly have walked or staggered in front of the vehicle. Other reasonable possibilities are that he was either standing relatively still or was just getting up out of the middle of the street when he was struck.
The law of Louisiana concerning the duty of an automobile driver was clearly enunciated in early cases. Rottman v. Beverly, 183 La. 947, 165 So. 153 (1935) at p. 156, held that:
The first duty of those who operate engines or motor vehicles is to keep a sharp lookout ahead to discover the presence of those who might be in danger.
Our Supreme Court in Baumgartner v. State Farm Mutual Insurance Company, 356 So.2d 400 (La.1978), re-stated the long-held rule of Jackson v. Cook, 189 La. 860, 181 So. 195 (1938):
... the well-recognized and settled rule that the duty of those in charge of motor cars and engines to look ahead and observe never ceases; that what they can see they must see and in legal contemplation they do see; that their failure to see what they could have seen by the exercise of due diligence does not absolve them from liability.
181 So. at 197.
The findings of the trial court were clearly wrong with regard to Ms. Nero. Just prior to impact Ms. Nero saw a car pass her and recognized the driver. It was night *393 time and while the record is silent as to whether said car was traveling east or west, it is obvious that she momentarily moved her attention away from the roadway to the passing car. This negligent act prevented her from seeing what she should or could have seen. The trial court failed to consider the passing car in its findings of fact, so the conclusion that Ms. Nero was free from negligence was not based on all of the facts and was manifestly erroneous and clearly wrong. Additionally, she was familiar with the vicinity and the occasional presence of drunks in the area. While we do not know how decedent got into the street, and even if we assume he was guilty of contributory negligence, Ms. Nero’s failure to see what she should have seen when there was absolutely no reason not to have seen decedent, imposes liability upon her. Jackson v. Cook, supra., Baumgartner v. State Farm Mutual Insurance Company, supra.
Having held that the trial judge’s findings of fact on these two points are clearly wrong, we reverse those findings. [Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Perniciaro v. Brinch, 384 So.2d 392 (La.1980).] In No. 14,737, judgment is rendered in favor of Aetna Casualty and Surety Company and against Jeanne S. Nero for $6,000.00, together with legal interest from date of judicial demand until paid. No. 14,737 is remanded for further proceedings consistent with these reasons.
In all other respects the judgment of the trial court is affirmed.
All costs of this appeal are taxed to Jeanne S. Nero.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART, REVERSED AND REMANDED IN PART.
EDWARDS and LEAR, JJ., dissent.