425 So.2d 730 (1983)
AETNA CASUALTY AND SURETY COMPANY
v.
Jeanne S. NERO, et al. and
Christopher KNIGHTEN and Kenneth Knighten
v.
Jeanne S. NERO, et al.
No. 82-C-1431.
Supreme Court of Louisiana.
January 10, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Catherine Estopinal, Anne Goodman, Billy J. Guin, Jr., Asst. Dist. Attys., for plaintiffs-appellees.
Roland V. McKneely, Jr., Bossier City, for defendant-appellant.
CALOGERO, Justice.
In these lawsuits arising out of a motor vehicle-pedestrian collision, the trial judge *731 at the close of plaintiffs' case dismissed with prejudice the claims against the defendant vehicle operator. On appeal by the deceased victim's two purported illegitimate children and an uninsured motorist insurer subrogated to two other children's wrongful death claims,[1] the Court of Appeal, 415 So.2d 390 (La.1982), reversed the trial court ruling, rendered a $6,000.00 judgment in favor of the UM carrier against the defendant vehicle operator, and remanded the claim of the two illegitimates to the trial court.[2]
We granted writs on application of the defendant motor vehicle operator, one Jeanne S. Nero, impressed by her contentions that the trial judge correctly decided that she was not liable, and that in any event the Court of Appeal should not have rendered judgment against her on appeal (upon reviewing the trial judge's ruling on a motion to dismiss under La.C.C.P. art. 1810(B)), when she had not been afforded an opportunity to present defense evidence.
Our resolution of the case obviates the need to address the latter meritorious contention.[3] As to defendant's principal assignment of error, we agree that the Court of Appeal erred in reversing the trial court ruling. The trial judge properly dismissed plaintiff's action upon concluding that "upon the facts and law, the plaintiff ha[d] shown no right to relief." La.C.Cr.P. art. 1810(B).
In the lawsuits brought by the subrogated UM carrier, Aetna Casualty and Surety Company, and the two illegitimate children of the deceased victim, Christopher and Kenneth Knighten, there were variously included as defendants and/or third party defendants additional parties, namely: Arthur Rankin as the proprietor of the bar from which the victim left moments before the accident; Gulf States Utilities Company, City of Baton Rouge and Parish of East Baton Rouge as the owners and/or custodians of two inoperative street lights. These parties, like Jeanne Nero, were exonerated in the district court. Their judgments of dismissal, however, went unchallenged in the Court of Appeal, and the issues presented as related to these defendants have passed out of the case.[4]
From testimony at trial the following facts emerged. On Sunday, January 1, 1978, at approximately 8:00 p.m. Mack Knighten, a fifty-four year old male pedestrian wearing dark clothing was struck and *732 killed by an automobile in about the 4800 block of Gus Young Avenue, a four lane undivided street in Baton Rouge, Louisiana. The pedestrian was intoxicated[5] at the time of the accident. He had entered Arthur's Lounge on Gus Young Avenue prior to 5:00 p.m. in an intoxicated condition. After sleeping slumped over one of the tables for several hours, Knighten left the lounge, still intoxicated, but under his own power,[6] and was subsequently hit by the automobile driven by Ms. Nero. The street was level and dry; it was a clear, dark January night. Two street lights in the block in which the accident occurred were inoperative at the time; the accident did not occur at a crosswalk. The driver of the automobile, Jeanne Nero, a South Central Bell operator on her way home from work, was completely sober. She was driving at a speed of about 25 m.p.h. in a 35 m.p.h. zone in the outside lane. Right before the accident a car passed Ms. Nero on the left side. She did not see Knighten; she knew of his presence only upon impact. Her car was functioning properly and the headlights were on, but she "didn't know where he came from." She did not see Knighten before she hit him; her car left fifty feet of skid marks in a straight line from the point of the collision only. Mr. Knighten seemed to bounce off the hood in the center of the car. There were no eyewitnesses; it was not clear whether or not there had been cars parked to the right next to the curb. It could not be determined how Mr. Knighten made his way into the path of Ms. Nero's car.
After considering all the facts as presented in the plaintiff's case, the trial judge stated in his oral reasons for judgment that he felt that there had not been any evidence to prove Ms. Nero guilty of any negligence in the operation of her vehicle. The judge was influenced by factual and legal considerations. Factually he noted: Ms. Nero was driving at 25 m.p.h.; she did not see the victim until impact; it could not even be determined from which direction the victim tried to cross the street; the victim, Mr. Knighten, was not in a crosswalk; the victim was intoxicated. The trial judge discounted the plaintiff's contention that Baumgartner v. State Farm Mutual Insurance Company, 356 So.2d 400 (La. 1978), should control and prompt denial of Ms. Nero's motion to dismiss. Correctly interpreting Baumgartner as only a bar to the use of contributory negligence in accidents involving a pedestrian and a motor vehicle, the trial court accurately noted that Baumgartner does not impose absolute liability on the driver of the vehicle. The court required proof of negligence on the part of Ms. Nero, proof that the judge did not find in the plaintiff's presentation of the evidence.
The Court of Appeal reversed, finding in the facts negligence on the part of the driver of the car. The court evidently concluded that Ms. Nero was inattentive, perhaps diverted by a passing motorist, and that she was familiar with the area and the presence of drunks. The Court of Appeal also seems to have misplaced reliance upon Baumgartner. On the facts the record does not support that Ms. Nero momentarily moved her attention away from the roadway to the passing car. At trial on cross-examination she stated that a car passed her on the left immediately before the accident, but she clearly testified that her attention had not been diverted, that she "was looking ahead trying to watch, you knowlook ahead."
There are other facts favorable to the defendant. Ms. Nero was sober; her car was functioning properly; she was driving well within the speed limit. The night was dark; the inoperative street lights made the location even darker; the black male victim wore dark clothing. Even the investigating police officer testified that he could not see the pedestrian upon arrival at the accident scene because of the darkness. The pedestrian *733 was crossing in the middle of a block, not at an intersection. Ms. Nero did not see the pedestrian until impact; she had no opportunity to stop.
The Court of Appeal appears to have misapplied Baumgartner in the instant case. In Baumgartner this Court stated that in motor vehicle/pedestrian collisions, contributory negligence is not available as a defense and thus the last clear chance doctrine, used to avoid the harsh results of contributory negligence, is not at issue. That ruling was designed to compensate for the lack of mutuality of risks involved between motor vehicles and pedestrians. However, we did not impose absolute liability on a driver of an automobile simply when there is a collision between a car and a person. Nor did we say that the motorist is to be held liable irrespective of fault on his part. In fact, in Baumgartner we clearly stated "that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault." 356 So.2d at 406. The operator of a motor vehicle must therefore be at fault in order to be held liable. This requisite was not eliminated by Baumgartner.[7]
Under the facts in Baumgartner the driver could and should have discovered the pedestrian's danger soon enough to avoid hitting him. Factually the instant case is distinguishable. In Baumgartner the pedestrian was crossing Canal Street in a marked crosswalk at a corner on a well-lighted street. The driver saw the pedestrian, applied her brakes in an attempt to stop, and sounded the horn. Experts testified that the victim could have been seen by a motorist at about 200 feet distance; thus the driver could have avoided the accident by slowing down. This Court clearly emphasized the importance of the position of the pedestrian in a crosswalk and the fact that the driver in that case could have avoided the injury to the pedestrian by exercising care which would have been reasonable under the circumstances. The Court of Appeal erred in relying upon Baumgartner under these facts.
As the trial court correctly noted, in order to recover, the plaintiff must prove the negligence of the driver. The trial judge found no fault proven after hearing all the plaintiff's evidence. We agree with him. In any event, the trial judge was not clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973).

Decree
For the foregoing reasons the judgment of the Court of Appeal is reversed and the judgment of the district court in all respects is reinstated.
JUDGMENT OF COURT OF APPEAL REVERSED; JUDGMENT OF TRIAL COURT REINSTATED.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I agree with the result but disagree with the majority's interpretation of Baumgartner v. State Farm Mutual Insurance Company, 356 So.2d 400 (La.1978). Accordingly, I respectfully concur.
NOTES
[1] The accident gave rise to two lawsuits: one was initiated by Aetna, the UM carrier which paid $6,000.00 to Richard and Mack Knighten, Jr., two of the victim's children; the other suit was brought by two purported illegitimate children, Christopher and Kenneth Knighten, not compensated by Aetna, who sought $104,500.00 in damages. The parties involved in the suit by the Knighten children stipulated that they would be bound by the findings of fact with respect to liability in the Aetna case. In both actions the plaintiffs were thus bound by the trial court's determination that Ms. Nero was not liable.
[2] The remand was prompted by the fact that the only issue involved in the illegitimate children's case which had been determined in the district court was liability. Since this issue was resolved in the Court of Appeal favorably to these plaintiffs, the case was remanded for the resolution of all additional issues, including quantum.
[3] Procedurally, plaintiffs appealed from the granting of defendants' motions for dismissal after the close of the plaintiff's case. La.C.C.P. art. 1810(B) clearly states that "any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief" (emphasis provided). In the event that the motion is granted by the trial court and later reversed by the Court of Appeal, the defendant who made the motion has certainly not waived her right to present evidence in her defense. Had the Court of Appeal correctly found the trial court's granting of the motion erroneous, they should have remanded the case in order to allow the defendant, Ms. Nero, to present her defense.
[4] The other defendants were brought into the suit under various theories. The claim against Arthur Rankin d/b/a Arthur's Lounge involved an alleged violation of La.R.S. 26:88(2), which prohibits a retail dealer from selling or serving alcoholic beverages to any intoxicated person. The claims against Gulf States Utilities Co., Parish of East Baton Rouge, and City of Baton Rouge stemmed from two inoperative street lights near the intersection of the accident which allegedly contributed to the accident.
[5] The chemical analysis of the decedent's blood indicated that he had a blood-alcohol level of .47% by weight at his death.
[6] There was conflicting testimony as to whether Knighten was awakened and asked to leave or whether he awoke and left by himself. Both accounts agree that Knighten walked out of the lounge under his own power.
[7] This Court has never held that a driver is strictly liable in all automobile-pedestrian accidents. In discussing such accidents, the U.S. Fifth Circuit Court of Appeals in Marcum v. United States, 621 F.2d 142, 145 (5th Cir.1980), stated: "Louisiana law is clear that for a pedestrian to recover against a motorist there must be fault on the part of the motorist which brings about the injury." See also Shank v. Government Employees Ins. Co., 390 So.2d 903 (La.App. 3rd Cir.1980), writ refused 396 So.2d 901-02 (La.1981); Osby v. Harris, 375 So.2d 181 (La.App.2d Cir.1979); Mathews v. Allstate Ins. Co., 370 So.2d 1331 (La.App.2d Cir.1979), writ refused 373 So.2d 526-27 (La.1979).