CURRAULT, Judge.
Plaintiff, Carolyn Bink, appeals a judgment dismissing her claim for personal injuries sustained when she was struck by a pickup truck while walking along a roadway. Named defendants in the suit were Charles M. Blackwell, owner and driver of the vehicle, and State Farm Mutual Insurance Co., carrier of a policy of uninsured motorist and no-fault coverage maintained by Charles Bink, plaintiff’s spouse at the time of the collision.[1]
The accident occurred on November 23, 1979, at approximately 12:30 a.m. on the I — 10 Service Road South, at some point between Causeway Boulevard and Clear-view Parkway in Metairie, Louisiana. Plaintiff, a resident of Pennsylvania, was returning from a convenience store to her son’s apartment where she was staying while on a visit when she was struck from the rear by appellee’s pickup truck. At the time, she was walking in a westward direction in the north lane of the roadway approximately one foot from the curb. Visibility was poor due to the time of night, weather and lighting conditions.
Defendant driver of the vehicle, Charles M. Blackwell, was also traveling westward in the north lane of the roadway at a speed somewhere between 35 and 40 m.p.h. The posted speed limit was 45 m.p.h. He was driving down the center of his lane and remained in the center up until and after the impact, at which time he came to a stop approximately 100 feet from the accident point.
The only witness to the accident, Mr. Archie B. Berger, was traveling eastward in the south lane at a speed of 25 m.p.h.
As a result of the accident, plaintiff suffered injuries to her head,' forehead and abdomen as well as to her left flank, buttocks, leg, toe, thumb and forearm.
Suit was filed on October 30,1980, and by answer, defendant State Farm denied coverage. A trial on the merits was held on January 21, 1982. Following submission of post-trial memoranda, on March 16, 1982, the trial court rendered a judgment dismissing plaintiff’s claim for the reason that the accident was unavoidable and not due to any negligence on the part of defendant, Blackwell. The judgment also found that plaintiff was covered under the State Farm policy, but failed to award plaintiff recovery under the no-fault provision.
Subsequently, plaintiff, Mrs. Bink, perfected this appeal.
Appellant alleges as error the trial court’s finding that Blackwell was free from negligence as contrary to the law and evidence; and the court’s failure to award damages to plaintiff under the no-fault coverage of the Pennsylvania policy.
On the first issue, appellant relies primarily on the case of Baumgartner v. State Farm Mutual Insurance Co., 356 So.2d 400 (La.1978) to support her contention that appellee breached the heavy duty of a motorist to keep a sharp lookout and to see what he should have seen. She furthermore cites Seals v. Morris, 410 So.2d 715 (La.1981) for the proposition that for the *230 defendant to invoke the unavoidable accident rule, defendant must show that the situation was not brought about through his own negligence. In applying the facts of this case to the law, appellant argues that the trial court failed to consider key portions of the eyewitness’s testimony, which taken as a whole along with the other facts elicited at trial, show that slight evasive action on the part of defendant could have avoided the accident. A review of the record does not support appellant’s allegations.
The Baumgartner case is the leading one on pedestrian/motor vehicle accidents in Louisiana. There the Supreme Court held that contributory negligence is not available as a defense in vehicle/pedestrian collisions and thus the last clear chance doctrine is not at issue in those eases. The court noted that:
“Since the operator of a motor vehicle is aware that he could meet many emergencies in which pedestrians will not always act prudently, and will sometimes be found in perilous situations, he should have the added burden of keeping the road safe, even for those who are negligently caught off their guard. Further, where injury results the burden falls on the motorist who, with the exercise of care reasonable under these circumstances, saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it.” 356 So.2d at 405. (Emphasis added).
In the most recent case on this issue, the Louisiana Supreme Court reiterated its holding in Baumgartner, supra, and stated:
“That [Baumgartner] ruling was designed to compensate for the lack of mutuality of risks involved between motor vehicles and pedestrians. However, we did not impose absolute liability on a driver of an automobile simply when there is a collision between a car and a person. Nor did we say that the motorist is to be held liable irrespective of fault on his part. In fact, in Baumgartner we clearly stated ‘that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.’ 356 So.2d at 406. The operator of a motor vehicle must therefore be at fault in order to be held liable. This requisite was not eliminated by Baumgartner." Aetna Casualty and Surety Company v. Nero, et al and Knighten v. Nero, et al, 425 So.2d 730 (La.1983).
Thus, if the defendant motorist saw or should have seen the pedestrian in a position of peril, he is only held responsible if he could have reasonably acted to avoid the accident or had an opportunity to do so. Dufrene v. Dixie Auto Ins. Co., 373 So.2d 162 (La.1979).
The facts herein reveal that the accident occurred on a rainy night, shortly after midnight. The weather was such that defendant still had his windshield wipers on although the rain may have stopped, since the sole witness, Mr. Berger, testified that he did not have his wipers on at the time.
The service road involved was an unlit two-lane, two-way street with lanes going east and west, but with some light emanating from the street lamps located along the Interstate. The speed limit on the service road was posted at 45 m.p.h.
On the night in question, appellant was returning to her son’s apartment. She last remembered walking westward in the five to ten foot grassy area on the Interstate (north) side of the roadway. Appellant testified that she was wearing brown pants, a brown and white polka dot blouse and white shoes, and was also carrying a white purse.
The witness, Mr. Berger, was driving eastward in the south lane at approximately 25 m.p.h. He testified that he saw both appellant and appellee prior to the accident, but first sighted appellant, Mrs. Bink, when his car was approximately 25 feet from her. He stated she was walking westward in the north lane, parallel to and approximately one foot from the curb. He also noticed the pickup truck was approximately 25 feet from appellant at the time he first noticed Mrs. Bink, and that:
*231 “Just about the time the front of my car was where she was, the truck had hit her. What made me see was she had a white shoe on and the shoe went into the air.” Page 8 T.T.
Appellee Blackwell, driving westward in the center of his lane of travel, testified that he did not see appellant until the impact or a split second before the impact. As stated earlier, he was traveling somewhere between 35 to 40 m.p.h. Mr. Berger corroborated appellee’s testimony that Blackwell was driving in the center of his lane prior to and upon impact. Appellee further stated he was unable to take evasive action since he was not aware of plaintiff’s presence on the side of the road until it was too late.
Appellant urges this court to find manifest error in the trial court conclusion of unavoidable accident, in that Blackwell should have seen what the witness saw. He argues that had he done so, he could have slightly swerved to avoid the appellant since there is no question that appellee struck appellant a glancing blow. However, it is by no means clear that appellee should have seen appellant at the same distance based on her apparel, the weather conditions, and the fact that he approached her from the rear, rather than the front as did the witness. Blackwell was without the benefit of backlighting which enhanced Mr. Berger’s view of the scene, and despite appellant’s description of her clothing, even the witness characterized her apparel as dark. Even had appellee seen appellant at the same distance, it is by no means clear he would have had an opportunity to react even slightly to avoid striking her given the short distance and speed involved. Finally, the speed Blackwell was traveling was not necessarily unsafe for the conditions at the time since defendant could not reasonably have anticipated that a pedestrian might be found on his lane of travel in these particular circumstances. A sidewalk, albeit at portions obstructed, existed on the south side of the road along which were various buildings and intersections. On the north side of the roadway there were neither buildings nor intersections, but just a five to ten foot grassy area which was running alongside the Interstate. It can be presumed the fence acted to prevent pedestrian traffic from emerging onto the service road from the direction of the Expressway. Further, there was no evidence that pedestrians commonly utilized that side of the street as opposed to the sidewalk on the south side.
It is well established that only a finding of manifest error will cause the appellate court to disturb a trial court’s finding of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Contrary to appellant’s assertions, this court can find no support in the record to indicate that the trial court failed to consider any portions of the evidence in his conclusions of fact. Neither do we find that the trial court incorrectly applied the law to the facts as found. Thus, the trial court’s finding of non-negligence will not be disturbed.
Appellant’s final specification of error alleges that the trial court erred in failing to award damages under a no-fault provision of a Pennsylvania policy. We agree.
The policy herein was issued to Mr. Charles Bink in the State of Pennsylvania and included uninsured motorist and no-fault coverage. Whilé the uninsured portion of the policy requires a finding of liability on the part of the uninsured motorist, the no-fault provision does not require such a finding.
At the time of the accident, the Binks were married but were suffering marital difficulties. On this basis, State Farm denied coverage to appellant, claiming that the Binks were not “living together” under the terms of the policy. The trial court found otherwise and lengthy arguments were presented in brief to this court by both appellant and State Farm on this issue.
The evidence reveals that Mr. Bink, in deposition taken in Pennsylvania, denied that the couple were living together in any manner at the time of the accident. He noted that he filed a divorce petition prior *232 to the accident, but that the divorce was not final.
Mrs. Bink and her son both testified that while the couple was experiencing marital difficulties, she and Mr. Bink were attempting to solve the problems. She claimed to be unaware of the divorce petition. Mrs. Bink further testified to living with Mr. Bink sporadically at least until she arrived in this area on a temporary visit, and furthermore expected Mr. Bink to join her here. She stated that she and Mr. Bink were still having marital relations up until that time. Her son stated he saw his mother’s clothing in Mr. Bink’s residence in Pennsylvania when he arrived to escort his mother to Louisiana. He also claimed that Mr. Bink drove his mother to and from certain places while he was in Pennsylvania, and believed the couple to be living together for all intents and purposes.
As stated earlier, the finding of fact made by a trial court is not subject to this court’s modification in the absence of manifest error. Arceneaux, supra. As the trial court is always in the best position to judge the credibility of opposing witnesses, and the record herein does not support a finding that the trial court was clearly wrong in choosing to believe appellant rather than Mr. Bink, we will not disturb this factual finding of the trial court.
After finding coverage, the trial court, nevertheless, failed to award damages under either the uninsured provision or the no-fault provision of the policy. While the failure to award under the uninsured motorist provision is proper since the uninsured motorist here was not negligent, it was error to neglect the no-fault provision, since recovery under that portion does not depend on defendant’s fault.
Under the no-fault section, medical expenses are covered, including “reasonable charges incurred for necessary products, services and accommodations needed for: a. professional, medical, dental, hospital and nursing services for diagnosis, care and recovery.” The medicals here were stipulated to by the parties and total Fourteen Thousand Seven Hundred Eighty-Seven and 02/100 Dollars ($14,787.02). Additionally, the policy does not provide for any upper limit of liability; no deductible or waiting period is required, and there is no geographical limitation or restriction on recovery for an insured or spouse of the insured. Clearly then, appellant is entitled to recover under the no-fault provision of the State Farm Policy.
Accordingly, the trial court judgment is hereby affirmed in respect to appellee’s non-negligence and with regard to appellant’s right to coverage under the policy.
However, we reverse as to the denial of coverage under the no-fault provision and consequently hold that as a matter of right, appellant is entitled to recover the medical expenses in the sum of Fourteen Thousand Seven Hundred Eighty-Seven and 02/100 Dollars ($14,787.02). Each party is to bear its own costs of this appeal.
AFFIRMED IN PART REVERSED IN PART AND RENDERED.

. The Binks were divorced in 1980.