432 So.2d 296 (1983)
Carolyn BINK
v.
Charles M. BLACKWELL and State Farm Mutual Automobile Insurance Company.
No. 82-CA-117.
Court of Appeal of Louisiana, Fifth Circuit.
May 11, 1983.
*297 PER CURIAM.
Plaintiff-appellant Carolyn Bink has filed a motion requesting this court to clarify and/or amend its judgment in regard to whether legal interest is owed by defendant-appellee, State Farm Insurance Company. The judgment was silent in that respect; however, it is well settled that the appellate courts have the power to correct their judgments and a granting of a rehearing is not necessary. LSA-C.C.P. art. 1951, official revised comment (d); State of Louisiana v. Wilco Construction Co., Inc., 398 So.2d 1150, 1151 (La.App. 4th Cir.1981); State of Louisiana through the Department of Highways v. Eubanks, 345 So.2d 533 (La.App. 3d Cir.1977).
In our original judgment, 429 So.2d 228 (La.App.1983), we agreed with the trial court that a no fault insurance policy issued by State Farm Insurance Company covered the plaintiff, Carolyn Binks, for injuries she sustained in an automobile/pedestrian accident. The action between the parties, thus, is one in contrast.
In assessing interest on judgments sounding in damages ex delicto, legal interest accrues from date of judicial demand. LSA-R.S. 13:4203; Chiasson v. Whitney, 427 So.2d 470 (La.App. 5th Cir.1983). On a conventional obligation, interest accrues from the date the debt is due. LSA-C.C. art. 1938. There is a difference of opinion, however, among the Circuit Courts of Appeal as to when legal interest accrues in suits by an insured against his insurer. In such cases, the Second Circuit holds that legal interest accrues from the date of judicial demand, Powell v. Allstate Insurance Co., 233 So.2d 38 (La.App. 2d Cir.1970), while the Third and Fourth Circuits hold that legal interest accrues from the date of judgment. Guidroz v. Tauzin, 413 So.2d 682 (La.App. 3d Cir.1982); Horstmann v. Drake, 420 So.2d 473 (La.App. 4th Cir.1982).
Following the reasoning in the Third and Fourth Circuit Courts, it is our opinion that under these facts, LSA-C.C. art. 1938 applies since there is a real dispute between the contracting parties as to coverage. The debt not being due until the issue is determined, interest is therefore due from date of judgment.
For the above and foregoing reasons, therefore, we hereby amend and clarify the judgment to include interest accruable from the date of the appellate court judgment at a rate of twelve percent (12%) per annum.