YELVERTON, Judge.
The widow and heirs of L.T. Jeter, a pedestrian killed in the early morning hours of August 1, 1981, on a dark, rural highway, appeal a trial court decision finding that Phyllis Marse, defendant, driver of a pickup truck that struck and killed Jeter, was not negligent. Finding no clear error in this factual determination by the trial court, we affirm.
The trial court made the following findings of fact:
“At approximately 11:30 P.M. on August 31, 1981, Mrs. Marse was traveling in a westerly direction on Louisiana Highway 28 towards Leesville. Other passengers in the vehicle were Mr. Marse and the couple’s young daughter, Summer. Mrs. Marse was traveling within the speed limit and was not drinking or taking any type of medication, and the truck was functioning properly.
“Mr. L.T. Jeter was walking down the middle of the traveled portion of this same highway in the opposite direction. He was wearing dark clothing. A postmortem blood test showed his blood alcohol level to be .20.
“When the Marse vehicle came upon a rise in the highway Mr. Jeter appeared immediately in front of it. Mrs. Marse applied her brakes, but Mr. Jeter darted directly in front of the truck and was struck and killed immediately.”
The deceased’s widow, Norma Smith Jet-er, individually and on behalf of their three minor children, Lisa Jeter, Michael Paul Jeter and Joani Leann Jeter, as well as the deceased’s major children, Gary W. Jeter, Randy C. Jeter, Ricky D. Jeter, and Sheila Jeter Gleason, brought a wrongful death action against the defendants, Phyllis Marse and Michael Marse. The plaintiffs also filed a separate suit against Southern Farm Bureau Casualty Insurance Company, L.T. Jeter’s uninsured motorist carrier. The two cases were consolidated for trial. For the purposes of this appeal only one opinion will be rendered; however, a separate judgment is this date being rendered in Jeter v. Marse, 460 So.2d 713 (La.App. 3rd Cir.1984).
On the basis of the above related findings of fact, and the case of Aetna Casualty and Surety Company v. Nero, 425 So.2d 730 (La.1983), the trial court found for defendants in both cases and rendered judgment dismissing plaintiffs’ suits. From this judgment plaintiffs appeal, contending that the trial court committed manifest error in its conclusions of law, and that it was clearly wrong in its findings of fact.
After a careful review of the record, we find that it clearly supports the findings of fact by the trial court. We also find that the trial court was correct in applying the law of Nero, supra, to these facts.
*713 Nero involved a similar motor vehicle-pedestrian collision. There, late one clear night, a pedestrian was struck and killed by an automobile. The driver was sober; her car was functioning properly; and she was driving within the speed limit. The pedestrian was intoxicated, he was wearing dark clothing, and he was crossing the street where there was no cross walk. The driver of the vehicle did not see the pedestrian until impact.
In Nero, supra, the Supreme Court held the trial court correctly dismissed the plaintiffs case because there was no proof that the driver was negligent.
In the present case, the trial court found the present facts indistinguishable from Nero, as indicated by the following language from its opinion:
“This case is indistinguishable from the Nero case. The facts are clear and heavily weighted in favor of the defendants. Mrs. Marse had not been drinking. The truck was functioning properly. She was not speeding. There was no evidence to prove that Mrs. Marse was guilty of any negligence in the operation of her vehicle.
“On the other hand, the victim was wearing dark clothing, he had been drinking; and, he was walking down the middle of an unlighted highway in the late night hours.”
Although each case must be decided on its own facts, we find the facts here to be similar to those found in Nero and heavily weighted in the defendants’ favor to justify the trial court’s holding that the sole cause of the accident was the negligence of the deceased.
For the foregoing reasons the judgment appealed from is affirmed at the appellants cost.
AFFIRMED.