SAVOIE, Judge.
This is a tort action involving comparative negligence. From a judgment fixing fault at 50% for plaintiff and 50% for defendant the defendant appeals, and plaintiff answers the appeal.
FACTS
At 3:00 a.m. on December 16,1982 plaintiff and one Clyde Reed walked to a 7-11 convenience store on Plank Road, Baton Rouge, Louisiana. Plaintiff attempted to shoplift but was caught by Hamilton, the night manager. Plaintiff pulled a gun and threatened to kill Hamilton. Clyde Reed prevailed upon plaintiff to leave the store. They walked outside where plaintiff began to argue with Reed stating that he should return and kill Hamilton. Obviously Reed prevailed, and plaintiff and Reed attempted to cross Plank Road, an undivided four lane street. Plaintiff and Reed walked to the middle of Plank Road where plaintiff stopped and apparently would go no further. Reed proceeded to complete the crossing and called to plaintiff to do the same. Reed returned at least once to the middle of the street and then back to the curb in an effort to get plaintiff out of the street. Reed started out toward plaintiff again but stopped, at which time plaintiff collided with a police car travelling about 25 mph. The police car was driven by one Willie Stevens, a Baton Rouge policeman.
Stevens' attention was focused on Reed, and he did not see plaintiff until after the collision. It is undetermined whether plaintiff was struck by or walked into Stevens' car. Plaintiff had been drinking heavily immediately prior to the accident.
ACTIONS OF THE TRIAL COURT
The trial court awarded damages in the total amount of $131,758.91 plus legal interest from the date of judicial demand. The court assigned liability at 50% for the plaintiff and 50% for the defendants.
ISSUES PRESENTED
Appellants respectfully submit that the issues in this case may be stated as follows:
1. Whether or not, under the particular facts and circumstances of this case, an assessment of any negligence on the part of the driver of the car was appropriate.
*200 2.If an assessment of such negligence was appropriate, was a 50% assessment a proper determination?
As to issue No. 1 it is clear that there is some fault on the part of Stevens, the driver who admitted that he did not see the plaintiff until plaintiff was on the hood of the car. The court found Stevens' failure to see the plaintiff to be negligence and that this negligence was a cause of the accident. One need only apply the duty-risk analysis set out in Everett v. Louisiana Department of Transportation & Development, 424 So.2d 336 (La.App. 1st Cir. 1982), to come to this conclusion.
We apply the duty risk-analysis as follows:
1. The act complained of was a cause-in-fact of the accident. Obviously the inattentiveness of the driver was a cause of the accident. Had Stevens been looking ahead he would have seen Linton and could have easily avoided him by stopping or moving into the right southbound lane.
2. Defendant had a duty to protect plaintiff against the harm complained of. Stevens failed to keep a proper lookout. His duty was to see what should have been seen and particularly to guard against injury to pedestrians. See Turner v. New Orleans Public Service Inc., 476 So.2d 800 (La.1985).
3. Defendant breached this duty. This is obvious from the testimony which clearly shows Stevens failed to keep a proper lookout and in fact was looking at Reed who was on the side of the road and not where he, Stevens, was driving.
4. Plaintiff was harmed by this breach of duty. The record clearly showed that Linton sustained serious injury as a result of this mishap.
The first issue raised by defendant is without merit.
As to issue No. 2 we must determine two factors:
A. Was there fault on the part of plaintiff?
B. If there was fault was a 50% assessment by the trial court a proper determination?
The first factor can also be determined by application of the duty-risk analysis to the plaintiff.
The act complained of was a cause-in-fact of the accident. Cause-in-fact is a “but for” inquiry into the logical extremes. Malone, Ruminations on Dixie Drive It Yourself Versus American Beverage Company, 30 La.L.R. 363, 370-371 (1969-70). The conduct of the plaintiff should be measured by the “but for” inquiry. But for the conduct of Linton standing in the middle of Plank Road, the accident would not have happened.
Plaintiff had a duty to protect against the harm complained of. A pedestrian has a duty to keep a proper lookout for approaching traffic. Linton was standing in the middle of a major traffic artery and had ample opportunity to observe the car and move to a position of safety.
Plaintiff, despite the opportunity to avoid the accident, failed to move out of the street or see the approaching car and breached his duty to maintain a proper lookout. As stated previously plaintiff was seriously injured by this breach of duty.
The second factor can be determined by application of the guidelines set out in Watson v. State Farm Fire & Casualty Insurance Co., 469 So.2d 967 (La.1985). In Watson, the Louisiana Supreme Court offered guidelines for apportioning fault in comparative negligence cases. At page 974 the Court, in Watson, stated as follows:
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed. [Section 2(b) Uniform Comparative Fault Act.]
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any *201 extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
In applying the Watson test to Stevens we find that it is evident from the record Stevens was inattentive and did not maintain a proper lookout and this inadvertence placed any pedestrian at risk; that no obvious value was sought by the conduct of Stevens; that the capacity of Stevens was certainly greater than Linton’s, considering Linton’s intoxicated condition; and that there were no extenuating circumstances to excuse the inattention of Stevens.
Applying Watson to Linton we find that despite testimony that Linton was intoxicated, he must have been aware of the danger involved in standing in the middle of a major traffic artery; that his conduct created an unreasonable risk of harm to himself; that the value of what plaintiff sought by his conduct is at best insignificant; that the capacity of Linton was limited; and that there were no extenuating circumstances that excused the actions of Linton.
As to last clear chance, the fact that Linton might have avoided injury more quickly or easily than Stevens is of no importance in this case. The concept of last clear chance should not be taken literally where a mutuality of risks is lacking. Finley v. North Assurance Company of America, 476 So.2d 837 (La.App. 2nd Cir. 1985).
There was no error in the trial court’s finding that Linton was guilty of fault which contributed to the accident. In addition, the trial court’s finding that Stevens should have seen Linton was not clearly wrong and cannot be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The defendants rely on Aetna Casualty & Surety Company v. Nero, 425 So.2d 730 (La.1983), in support of their argument that Stevens was not negligent.
In Nero, a driver struck an intoxicated pedestrian in an area where the street lights were inoperative and it was so dark the investigating officer could not see the pedestrian upon arrival at the scene. It could not be determined how the pedestrian got into the car’s path.
Here the record clearly reflects that Stevens struck Linton because Stevens was not looking where he was driving. The trial court did not find, as in Nero, that the physical condition of the area was the cause of Stevens’ failure to see Linton. These factual determinations are not clearly wrong and therefore cannot be disturbed on appeal.
The trial court apportioned the fault at 50% for the plaintiff and 50% for the defendant. The trial court’s finding as to percentages of fault is factual and such determination will not be disturbed on appeal unless it is clearly wrong. Varnado v. Continental Insurance Company, 446 So.2d 1343 (La.App. 1st Cir.1984). We cannot say that the trial court’s apportionment of fault was clearly wrong.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed at defendants/appellants’ costs.
AFFIRMED.
COVINGTON, C.J., dissents.